**Cheetham *against* Lewis.**

*Slosson* moved to set aside the default and subsequent proceedings in this cause. The bill was served on the defendant the 12th day of *September*, and on the same day he obtained a judge's order for enlarging the time for pleading. A written notice of the order was duly served on the agent of the plaintiff's attorney. There was also an affidavit of merits.

*Riker*, contra, insisted, that the judge's order had not been regularly served; that a *notice* of such order was not sufficient, and that the only proper way of serving such an order was, by showing the original, and leaving a copy with the plaintiff's attorney, or his agent.

·· *Per Curiam.* The serving of a *notice* of a judge's order is not sufficient; a *copy* of the order, at least, ought to have been served. But as there appears to have been a [*]misapprehension about the practice in this case, the defendant may take his rule, on payment of costs; with liberty to the plaintiff to change the *venue* if he think proper; and if the *venue* be changed to the city and county of *New York*, that then the defendant take short notice of trial, which is four days.

Rule granted.

> A notice of a judge's order enlarging the time to plead, is not sufficient; a copy of the order, at least, must be served on the attorney of the plaintiff, or his agent.