ALBANY,
Feb. 1808.

Howland
v.
Ralph.

## Howland *against* Ralph.

To bring a party into contempt, for disobeying a judge's order, the original order must be shown, at the same time the copy is served. Where a judgment has lain more than a year, and the defendant afterwards, consents that an execution issue, without the judgment being revived by *scire facias*, the execution will not be set aside for irregularity, at the instance of a third person, who alleges, that the judgment has been kept on foot collusively, and that the execution has been issued fraudulently, to injure him; but he must be left to seek his relief in a court of chancery against the fraud, or by bringing the question of fact, as to the fraud, to a trial, by an issue at law.

IN *August* term last, a motion was made to set aside the execution issued in this cause, to the sheriff of *Delaware*, and which had been levied on a lot of land, that had been previously purchased from the defendant, by one *McNee*. The motion was made in behalf of *McNee*, who stated in his affidavit, that on or before the 24th day of *May*, 1804, he purchased the lot so levied on, from the defendant, for which he paid him 350 dollars, as being clear from all incumbrances : That about the 10th *June*, 1807, he learned, that prior to the purchase, a judgment had been entered up in favour of the plaintiff, against the defendant, and that a *fieri facias* thereon, was in the hands of the sheriff. The judgment was docketed, the 21st *July*, 1803, and the land was advertised by the sheriff, for sale, on the 23d *June*, 1807. *McNee* further stated, that he applied to the defendant, who told him, that he had paid the amount of the judgment, but being requested to make an affidavit, of this, in order to have the proceedings stayed, he refused; that the plaintiff and defendant had corruptly combined together, to cause the land, which the defendant had purchased, to be sold by means of the judgment. There were several other affidavits, stating, that the defendant had declared, that he had paid the bond on which the judgment had been entered up in favour of the plaintiff.

On the 15th *June*, 1807, an order was granted by Mr. justice *Van Ness*, to stay all proceedings on the execution, so far as it regarded the lot in question, until the last day of *August* term. An affidavit was read, that a *copy* of the judge's order was served on the deputy-sheriff, who held the execution, on the 23d *June* last, and prior to the sale of the land by him, and that he promised not to proceed in the sale; but that he did, notwithstanding, sell the land, on the same day. On these affidavits, the court ordered all proceedings to be stayed until *November* term, that the

sheriff retain in his hands the monies levied on the *fi. fa.* and that he do not execute a deed to the purchaser, until further order. It was further ordered, that the deputy sheriff show cause, by the first day of *November* term, why an attachment should not issue against him, for a contempt, in disobeying the judge's order, in *June* last, and why he should not pay over the money, levied by him, to *Mc Nee.*

At the last *November* term, the plaintiff's affidavit was produced, which stated, that the judgment in this cause, was entered upon a bond, the whole of which was justly due at the time the execution issued ; that the payments made by the defendant, were on account of other transactions between him and the defendant, which had no relation to the bond : and that he had never confessed or declared, that the judgment was satisfied, the truth of which statement was admitted by the affidavit of the defendant. From the affidavit of the plaintiff's attorney, it appeared, that the defendant gave his consent, in writing, that the execution might issue on the said judgment, without its being revived by *scire facias*, which consent was filed in the clerk's office. It further appeared, that though a *copy* of the judge's order was served on the deputy-sheriff, the original order was not shown to him.

*Hawkins*, in support of the motion.

*Sherwood*, contra.

*Per Curiam.* It appears, from the affidavit of the deputy-sheriff, and of the person who made the service upon the deputy, that a *copy* of the judge's order was served, but that the original order was not shown. The general rule is, that in order to bring a party into contempt, the *original* order must, at the same time, be shown. (*King* v. *Smithers*, 3 *Term*, 351.)* The motion for an attachment against the deputy-sheriff must, therefore, be denied. The next question is, whether we can, upon the present motion, relieve *William Mc Nee*, from the effect of the sale. The execution would clearly have been irregular, for want of a revival of the dormant judgment,

* See 2 *John-son*, 104, *Cheetham* v. *Lewis.*

had it not been for the defendant's consent in writing, to issue the execution, without such revival, and the question is, whether that consent was not sufficient to cure the irregularity. There is no complaint on the part of the defendant, that it was unfairly obtained from him ; and we cannot question the proceeding in the face of that consent, and without any application on the part of the defendant. If a *scire facias* had issued, it would not have been directed to *Mc Nee*, the party complaining; and, as the defendant admits that the judgment was not satisfied, its operation would have been the same, as it respects *Mc Nee*. He could not have come in and pleaded. He would have been a stranger to the record. The great ground of complaint is, that there exists a collusion between the plaintiff and defendant, to defraud him, and that the judgment has been collusively kept on foot, and an execution fraudulently issued, to injure him. If this be so, (and there is colour for the suggestion, arising from the facts disclosed by the affidavits) he is, undoubtedly, entitled to relief against the fraud. But this court cannot interfere effectually, upon the present motion. If the deed was not executed to the purchaser, before the service of the rule of last *August* term, we can continue that rule in force against the sheriff, until the next term, so as to give *Mc Nee* an opportunity to apply, in the mean time, to the court of chancery for relief, or to put the question of fraud and collusion, in a train for trial at law, by an issue in fact, and so far we are willing to go.