Bank of Utica
v.
Kibby.

THE BANK OF UTICA *against* KIBBY.

L. FORD, for the defendant, moved that the inquest taken at the Oneida circuit, in the first week of April last, be set aside, with costs; and also for a commission.

· He read an affidavit, that issue was joined, on the 22d of March last, and the cause noticed for trial. That the defendant then obtained an order to stay proceedings on the part of the plaintiffs till the present term, with the view of moving for a commission to examine foreign witnesses. That a copy of the proper affidavit, and a copy of the order, with a notice of the motion, was served on the plaintiff's attorney on the 30th of March; notwithstanding which, he took an inquest in the cause out of its order on the calendar.

Serving the copy of a judge's order is sufficient, unless the object be to bring the party into contempt; when the original order must be shown.

*P. De Witt*, contra, read an affidavit of the plaintiff's attorney, that no original order had ever been shown to him.

*Ford* said the notice of motion for the commission was, in itself, a stay of proceedings. 9th rule of April term, 1796; 1 John. Cas. 135; Col. Cas. 46; 1 Dunl. Pr. 543; 1 John. Cas. 391.

But if otherwise, the order was properly served. The original need not be shown. It is the same, in effect, as a certificate of probable cause; and may be served in the same manner. 3 John. 451; Rule 4, 1799. Showing *the original is necessary, only where it is to operate as the foundation of an attachment for contempt in disobeying it. 3 John. 20. In *Cheetham* v. *Lewis*, (2 John. 104,) on a motion to set aside a default taken, notwithstanding an order enlarging the time to plead, the court say service of a copy of the order was necessary.

[*149]

Again; the affidavit for a commission includes an affidavit of merits. After a copy of an affidavit of merits is served, it is irregular to take an inquest out of the order of the calendar. Rule of Nov. term, 1808; 3 John. 535, 542.

NEW YORK,
May, 1827.
Salisbury
v.
Parker.

*De Witt.* The original order should have been shown. 2 John. Rep. 104; 3 id. 19. 1 Dunl. Pr. 108, is express, that a judge's order must be served by delivering a copy and showing the original. Such is the uniform practice.

The cause having been noticed for trial before the notice of the motion, that was not, *per se*, a stay. At any rate, the costs of preparing for trial up to the time of the notice of motion, must be paid. 1 John. Cas. 391.; 1 Cowen, 47; 5 id. 269.

*Curia.* Showing an original order is necessary, only where it is intended to bring a party into contempt for disobeying it. *Howland* v. *Ralph*, 3 John. 20. In other cases a copy is sufficient. *Cheetham* v. *Lewis*, 2 John. 104. The motion to set aside the inquest must be granted with costs.

Motion granted.