Billings *v.* Carver.

GEO. G. BARNARD, P. J., concurred.

Order affirmed.

[NEW YORK GENERAL TERM, November 2, 1868. *Geo. G. Barnard, Ingraham* and *Cardozo,* Justices.]

BILLINGS *vs.* CARVER.

If service of an order for the defendant to appear before a referee and submit to an examination as to his property, is made without exhibiting to him the original order of the judge, the service is only irregular; not a service which the defendant is at liberty to disregard, but one which he can object to, and have set aside, by appearing and taking the objection. His failure to take the objection is a waiver of it.

While there is no rule or practice which absolutely protects a party from punishment for a violation of an order, committed upon the advice of counsel, yet substantial justice, and the wise exercise of the discretion vested in the court, require it to relieve a party when the effect of his counsel's mistake may be to keep him in jail indefinitely, by reason of his inability to pay a large sum of money.

Accordingly, where a defendant was adjudged guilty of contempt in failing to appear and submit to an examination, as to his property, and it was shown that such failure was caused by the advice of counsel given in good faith and in good faith relied upon by the defendant, the order was modified so as to direct that the defendant be adjudged guilty of the contempt charged, and be fined, unless he appeared and submitted to an examination under the original order, and made an affidavit to the effect that he had made no transfer of his property, since the order for his examination, except and unless under the provisions of the bankrupt act.

APPEAL from an order made at a special term, adjudging the defendant to be in contempt for not appearing before a referee and submitting to an examination as to his property.

Billings *v.* Carver.

*By the Court,* CARDOZO, J. On the papers before us it must be assumed that the service of the order for the defendant to appear and submit to examination as to his property, was made without exhibiting to him the original order of the judge.

If any other papers than the interrogatories and answers were before the justice at special term when the order adjudging the defendant to be in contempt was made, they were not presented to us on this appeal. If there were any such papers, and they would have shown that the point of whether the original order was exhibted or not was the subject of contradictory evidence, the respondent should not have permitted the argument to proceed before us upon defective appeal papers.

But I do not regard the question of whether the evidence was conflicting upon that point as very important. For if it be assumed that it was not so, and that the evidence all showed that the order was not exhibited, still the service would have only been irregular; not one which the defendant was authorized to disregard, but which he could have objected to and had set aside had he appeared and taken that objection. His failure to take the objection was a waiver of it. Of course, if the appeal papers showed that the question of the manner of the service of the original order was the subject of conflicting testimony, we would not disturb the conclusion which the judge reached as to who told the truth. In any view, therefore, it cannot be said that there was any error of law committed by the judge below.

It appears, however, that the defendant disregarded the order, upon the advice of his counsel that he might lawfully do so. This is distinctly sworn to by the defendant, and is uncontradicted, and there is nothing in the appeal papers before us to lead to a doubt either that such advice was given in good faith, but from an erroneous judgment of the law, or that it was in good faith relied upon by the

Blatchford *v.* Ross.

defendant. While there is no rule or practice which absolutely protects a party from punishment for a violation of an order committed upon the advice of counsel, yet I think substantial justice, and the wise exercise of the discretion vested in us, require us to relieve the defendant when the effect of his counsel's mistake may be to keep him in jail indefinitely by reason of his inability to pay a large sum of money.

For this reason, I am for modifying the order so that it shall direct that the defendant be adjudged guilty of the contempt charged, and be fined as therein prescribed, unless he appears and submits to examination under the original order upon a day to be designated in the order to be entered on this appeal, and upon his making an affidavit that he has made no transfer of his property since the order for his examination, except and unless under the provisions of the bankrupt act.

' [NEW YORK GENERAL TERM, November 2, 1868. *Geo. G. Barnard, Cardozo* and *Ingraham,* Justices.]