HIRAM NEWELL, RESPONDENT, v. STILLMAN CUTLER, APPELLANT, IMPLEADED WITH PETER FISHER.

*An order adjudging a party guilty of contempt — appealable under sec. 1342, Code of Civil Procedure — Failure to show original injunction order when serving the copy, a mere irregularity — what constitutes a waiver of it — Defendant restrained in supplementary proceedings cannot collect and use wages.*

An order of a county judge, adjudging a party guilty of contempt in violating an injunction contained in an order directing him to appear for examination in supplementary proceedings, involves a substantial right and is appealable under section 1342 of the Code of Civil Procedure.

A failure to show the party the original order, when serving him with a copy, is a mere irregularity, which is waived by his appearing, without objection, before the referee and submitting to an examination.

Where a party has been served with an order requiring him to appear and be examined in supplementary proceedings, and restraining him from disposing of any of his property, the fact that he has a family wholly supported by his labor will not authorize him to dispose of wages subsequently collected by him, without permission of the court.

APPEAL by the defendant Cutler from an order made by the county judge of Erie county, in proceedings supplementary to execution, adjudging the defendant to be guilty of a contempt, in violating an injunction clause contained in a former order restraining him from disposing of or " interfering with any property, money, things in action, or equitable interest belonging to him, and not exempt from *levy* and sale on execution." The defendant was adjudged guilty of contempt and fined fifteen dollars and committed until

it should be paid. The defendant paid the fifteen dollars and then brought this appeal.

*E. B. Vedder*, for the appellant.

*George Wing*, for the respondent.

HARDIN, J.:

The respondent urges, by way of a preliminary objection, that· the order is not appealable. Section 1342 of the Code of Civil Procedure provides, viz.: " An appeal may also be taken to the Supreme Court from an order *affecting* a substantial right made· by the court *or a judge* in an action brought in a court specified in the last section but one." The court named in section 1340· is a county court, and the expression in section 1342 quoted includes a "judge" of that court.

The order was, therefore, made by a judge from which an appeal may be taken. It remains to inquire whether the order· affected a "substantial right." It adjudged the defendant guilty of a contempt, and imposed a fine of fifteen dollars, and imprisonment unless paid. In *Forbes* v. *Willard* (54 Barb., 523), it was· distinctly held that such an order affects a substantial right, and. as such is appealable. (See *Clapp* v. *Lathrop*, 23 How., 423; *Holstein* v. *Rice*, 15 Abbott, 307.) DANIELS, J., says in *Forbes·* v. *Willard* (*supra*), "few, if any, orders can be made in such proceedings more serious, or certainly affecting substantial rights· than those which deprive the party of his liberty."

Such orders are not in special proceedings, but are orders in the· action. (*Seeley* v. *Black*, 35 How., 369; *Pitt* v. *Davison*, 37 N. Y., 235.) The order to appear and be examined, and which contained an injunction provision, was issued and served on the· 28th of March, 1879, and was returnable on the 2nd day of April, 1879. On that day the defendant appeared upon the order before a referee and was examined in respect to his property, and testi-fied that the order was served on him, " either on the 28th or 29th of March, 1879." At the close of the evidence the referee attached a certificate showing what the evidence was which was taken before him. Upon the 2d of April, 1879, the plaintiff gave a, written notice to the defendant, that on the 21st of April, 1879,

he should apply to the county judge for the appointment of a receiver, and that the defendant be adjudged guilty of a contempt for violating the injunction order. Upon the twenty-first the parties appeared before the county judge and the evidence was taken before him, and the defendant objected to the reading of the referee's report because it had not been served.

By an examination of the appeal papers we find no report of the referee ; the referee simply certifies at the close of the evidence given by the defendant, viz.: " that the above is the testimony and the whole of the testimony of the defendant." We do not see that any error was committed in allowing the evidence to be read and the certificate appended thereto by the referee. The evidence showed that the defendant was deputy collector of customs at Tonawanda, and that his wages were three dollars per day, including Sundays and holidays. That on the 31st of March, 1879, he received ninety-three dollars ; that he had when before the referee $25.16 of it, and that he had disposed of the rest of it, and that he declined to apply the $25.16 to the judgment in this action. The defendant read an affidavit, in which he stated a copy of the order for his examination was served upon him, and that " no original order " was shown to him, and then claimed that he was not liable to be adjudged in contempt of the order restricting him from disposing of, or interfering with, his property, rights in action, etc.

The objections came too late. The omission to show the original order was a mere irregularity, and by appearing and answering upon the return thereof it was waived. The point was considered, and held adversely to the defendant, in *Billings* v. *Carver* (54 Barb., 40; see, also, *Pitt* v. *Davison* (37 N. Y., 242); *Shultz* v. *Andrews* (54 How., 376). The defendant showed that he had a family supported wholly by his labor, and claimed that his earnings could not be ordered applied towards the payment of the judgment. (Old Code, § 297.) However that may be, it furnished no excuse for disposing of or interfering with his wages by himself, in the absence of an order permitting him to do so. When he was served with the restraining order it was his duty to obey the same as long as it remained in force. (*Shultz* v. *Andrews*, 54 How., 376.)

He should have left the wages uncollected until the injunction was removed, or until the close of the supplementary proceedings and the further order in the premises. For such violation of the order, as he disclosed by his evidence, he was liable to be punished as for a contempt. The order adjudging him guilty was properly made. We must, therefore, affirm it with ten dollars costs and disbursements.

TALCOTT, P. J., and SMITH, J., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.