NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—February, 1884.

MAURAN v. HAWLEY.

*In the matter of the estate of* ANNA M. HAWLEY, *deceased.*

A citation issued in a special proceeding instituted, under Code Civ.
  Pro., § 2706, by an executor or administrator, to discover, etc.,
  property withheld or concealed, although *a mandate* (id., § 3343,
  subd. 2), is not one "to which a party is entitled as of course,"
  and cannot, therefore, be issued by the clerk under § 2509, subd. 2
  of that act. A special direction by the Surrogate, after examination
  of the petition, is requisite.
Under Code Civ. Pro., § 2708, requiring that the petition and order in
  such a proceeding be "personally served," a copy of each must be
  delivered to the person to be served (id., § 2520), and the original order
  must be exhibited to him at the time of service. Failure to comply
  with the last mentioned requirement is fatal, upon objection season-
  ably taken.

PETITION by Pierre B. Mauran, one of the executors
of decedent's will, under Code Civ. Pro., § 2706, for an
inquiry respecting certain personal property belonging
to decedent's estate, alleged to be in the possession of
E. J. Hawley, and for a citation to the latter, requiring
him to attend and be examined. The facts appear suffi-
ciently in the opinion.

W. J. GIBSON, *for petitioner.*

NORWOOD & COGGESHALL, *for respondent.*

THE SURROGATE.—This is a proceeding for the dis-
covery of property alleged to be withheld. I am asked
to dismiss it because citation was not issued according

to law, and because the Surrogate's order for the personal attendance and examination of the party cited was not duly made or served.

*First.* The citation was admittedly issued by the clerk of this court, without the special order or direction of the Surrogate. The powers of the clerk in such matters are derived from § 2509 of the Code of Civil Procedure. Paragraph 1, subd. 2 of that section declares that the clerk "may issue any mandate to which a party is entitled as of course, either unconditionally or upon the filing of any paper." By § 3343, subd. 2, the word "mandate" is declared to mean "a writ, process or other written direction issued pursuant to law out of a court or made pursuant to law by a court or a judge, or a person acting as a judicial officer, and commanding a . . . person named . . . therein to do or to refrain from doing an act therein specified." There, can be no doubt, I take it, that a citation is a mandate. This appears from the foregoing definition, and is recognized also by § 2515, which speaks of a *citation or other mandate* of a Surrogate's court.

But is a citation in a discovery proceeding a mandate to which the party applying is "entitled as of course"? I think not. Section 2706 provides that, upon the presentation of a petition showing, etc., a citation must be issued "*if the Surrogate is satisfied, upon the papers so presented, that there are reasonable grounds for the inquiry.*" The question whether, in any particular case, a citation should or should not be issued is one for whose decision the judicial power of the Surrogate is invoked, a power which, of course, cannot be delegated to any of his subordinates.

In such a proceeding as this I hold, therefore, that no citation can properly be issued until the Surrogate has directed its issuance, after examination of the petition, and a determination that there are reasonable grounds for the inquiry sought to be made.

*Second.* It is provided, by § 2708 of the Code, that "the Surrogate must annex to or indorse upon the citation an order requiring the parties cited to attend personally at the time and place therein specified." The section also declares that "the citation and order must be personally served." It is not claimed that there is now upon the records of this court any order requiring the attendance of this respondent, or that any such order was before the court on the return day of the citation, when respondent appeared solely for the purpose of moving to dismiss the proceedings. I think that, in this respect, also, his contention must be upheld. It is claimed, on behalf of the petitioner, that the direction in § 2708 for the personal service of the order and citation is substantially obeyed by delivering, to the party sought to be cited, the citation with the original annexed or indorsed order. But this claim is not well founded. Section 2520 provides how a citation shall be served. *A copy* must be delivered to the person to be served or must be left at his place of residence, etc. This requirement was not obeyed in the present case.

*Third.* It is also insisted, and I think justly, that, at the time of service of the copy, the original order must be shown. It is true that regular service of an order can be made by the delivery of a copy (Cheetham v.

Lewis, *2 Johns.*, *104;* Bank of Utica v. Kibby, *7 Cowen,* *148*). But where it is intended to bring into contempt the party served because of his disobedience of its direction, it is necessary also that the original order should at the same time be shown (Howland v. Ralph, *3 Johns.*, *20;* Billings v. Carver, *54 Barb.*, *40;* Gross v. Clark, *1 Civ. Pro. R.*, *25;* affi'd in Court of Appeals, *1 id.*, *469*). Failure to exhibit such original is an irregularity which may be waived, but is fatal if objection be seasonably taken (Billings v. Carver, *supra*).

Proceedings dismissed.