B. J. JANE *v.* C. H. ALLEY ET AL.

1. BILL OF EXCEPTIONS. *Power of municipal authorities to grant. Exercise of authority as to liquor license.*
   A board of mayor and aldermen have no authority under the general laws of this State to grant and sign bills of exception when exercising the power to grant licenses to retail liquors.

2. LIQUOR LICENSE. *Certiorari. Errors of law. Questions of fact. Practice.*
   Where a board of mayor and aldermen grants license to retail liquors, no appeal is allowed from such action, and its decision is final as to questions of facts, though any error of law apparent on the face of the record of the proceedings may be corrected by *certiorari*.

APPEAL from the Circuit Court of Jackson County.

HON. S. H. TERRAL, Judge.

B. J. Jane presented to the board of mayor and aldermen of the town of Scranton a petition for license to retail vinous and spirituous liquors. C. H. Alley and others filed a counter-petition. The board, after hearing objections, granted license to Jane, and also passed an order giving the counter-petitioners ten days in which to file a bill of exceptions thereto.

The counter-petitioners appeared before Hon. S. H. Terral and asked that a writ of *certiorari* be issued to the board of mayor and aldermen of Scranton to send the record of its proceedings in this case to the next term of the circuit court. The writ was issued, and the record containing a bill of exceptions duly signed by the mayor of Scranton, within the ten days prescribed by the order of the board, setting out the proceedings and objections thereto had before the board in reference to the issuance of the license, was presented to the circuit court as directed by the writ. The court, after considering the record as sent up, reversed the action of the board and revoked the license granted to Jane, and from this action Jane appealed, assigning for error that the board had no right to grant and sign bills of exceptions, and that the circuit court ought not to have considered the matters therein set out.

*Horace Bloomfield,* for the appellant.

Bill of exceptions cannot be taken to the orders and proceedings of a board of mayor and aldermen. It should have been struck from the files by the judge of the circuit court. The statute only allows bill of exceptions to be taken to the decisions and proceedings of the chancery court, circuit court, and board of supervisors, and specifies particularly when and how it should be prepared and signed. Code 1880, § 1718; Code 1880, § 1895; Code 1880, § 2351.

The only papers that can be examined under this *certiorari* proceedings are the petition and the order of the board granting said license. A writ of *certiorari* can only be awarded by the circuit court to correct errors of law apparent on the face of the record of the proceedings of municipal authorities. *Corbett* v. *Duncan,* 63 Miss. 84; Puterbaugh's Pleadings and Practice 704.

The bill of exceptions to the proceedings of the board of mayor and aldermen should not have been considered by the circuit court, for it is similar to the answer filed in the case of *McCreary* v. *Rhodes & Silk* by the mayor and selectmen to the suit of *certiorari.* 63 Miss. 308.

No counsel for the appellees in this court.

COOPER, C. J., delivered the opinion of the court.

Leaving out of view the facts disclosed by the bill of exceptions taken to the action of the board of mayor and aldermen, which bill was signed by the acting mayor, there appears no error in the proceedings which resulted in the grant of license to retail to the appellant. The judgment of the circuit court annulling the license, and vacating the order by which it was granted was obviously because of the acts of the board, which are only disclosed in the bill of exceptions. We have examined the charter of the town of Scranton, and find nothing therein contained authorizing the municipal authorities to sign bills of exceptions in any proceeding subject to their jurisdiction. There is nothing in any general law of the State known to us conferring such power. Bills of exceptions were unknown to the common law, but were first authorized by the statute of Westm. 2 (13 Edw. 1) Ch. 31; 2 Tidds' Prac. 862. Whether the statute of Westminster ever prevailed in this State, and if it did whether it was abrogated by our own statutes on the subject, or only supplemented thereby, it is, we think, clear that there is no authority given by which a bill of exceptions may be taken to the actions of municipal authorities, exercising the power to grant licenses to retail under the laws of this State. There is no appeal allowed by law in such cases, and though, as we have held, errors of law committed by such boards may be corrected by *certiorari*, it seems to have been contemplated that the decisions of such authorities on questions of fact should be final and conclusive. In such cases a bill of exceptions cannot be signed. Bacon's Abridgment, tit. Bill of Exceptions; *Sweet* v. *Clinton*, 3 Johns. 22; *Shortz* v. *Quigley*, 1 Binney 222.

*The judgment must be reversed, and judgment here confirming the order of the board of mayor and aldermen of the town of Scranton.*