EDWARD C. LYMAN v. WILLIAM J. GIDDEY. EXECUTOR, ETC.

*Bail—Action on bond—Surrender of principal.*

The *right* of special bail to surrender their principal expires eight days from the commencement of a suit upon the recognizance, after the timely and regular issuance, and return "not found," of a body execution against the defendant; citing *Begole v. Stimson*, 39 Mich. 288; *Koch v. Coots*, 43 Id. 30.

Error to Wayne. (Brevoort, J.) Argued June 9, 1893. Decided July 25, 1893.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*James H. Pound,* for appellant.

*C. E. Warner,* for plaintiff.

GRANT, J. September 12, 1887, plaintiff commenced suit in the circuit court of the United States for the eastern district of Michigan, by *capias ad respondendum,* against Edmund W. Donovan and two others. Donovan's bail was fixed by the judge of that court at $10,000. He was arrested and imprisoned. Subsequently the bail bond was reduced by the court to $500. October 17, 1887, in pursuance of this order, a new bail bond was given for that sum, executed by James Giddey and James O. Wells. Upon the trial of that suit, plaintiff recovered a verdict for $12,455, on which judgment was rendered June 15, 1888. June 22, 1888, a *fi. fa.* was issued, returnable July 13, which was returned July 18 *nulla bona.* August 7, 1888, a *ca. sa.* was issued against the defendant Donovan, which was returned September 14, "Defendant not found." November 2, 1888, this suit was brought against Mr. Giddey upon the bail bond. Donovan had not been surrendered by his bondsmen. The court directed a verdict for the plaintiff. Mr. Giddey died before the trial, and, upon the suggestion of his death, the executor was admitted to defend the suit. Upon the trial, defendant's counsel offered to show:

1. That Donovan was in the eastern district of Michigan during the life of the writ of *ca. sa.,* and in the city of Detroit, and that the attorneys for plaintiff knew it.

2. That, while Giddey was sick, his son went to the marshal, during the life of the *ca. sa.,* and asked him if he wanted the body of Donovan, and, if so, he would bring him, to which the marshal replied, "No."

3. That, about three years after this suit was begun, the defendant executor caused Donovan to be located, and got an agreement from him to surrender himself if plaintiff's attorneys wanted him, and that plaintiff's attorneys refused to accept the surrender.

4. That defendant's counsel then offered plaintiff's attor-

neys to produce said Donovan if they would cause to be issued an *alias* writ of *ca. sa.,* which was also refused.

This offer of testimony was rejected.

Defendant's counsel apparently relies upon How. Stat. § 7334, which provides that—

" If it appear on the trial of any such action against bail that an execution against the body of the defendant was not issued as herein directed, or that it was not issued in sufficient time to enable the sheriff to execute the same, or that directions were given by the plaintiff or his attorney to prevent the service of such execution, or that any other fraudulent or collusive means were used to prevent such service, the bail shall be entitled to a verdict in their favor."

The writ was properly and timely issued and returned. All the proceedings were regular. The offer did not tend to show any directions on the part of the plaintiff or his attorneys to prevent service, or that any fraudulent or collusive means were used to prevent it. The defendant's right to surrender Donovan expired after eight days from the commencement of suit. Plaintiff's cause of action was then complete, and neither he nor his attorney were under any legal obligation to issue a new writ, to accept the surrender of Donovan, or in any manner to waive his rights. This case is ruled by the following cases: *Begole v. Stimson,* 39 Mich. 288; *Koch v. Coots,* 43 Id. 30.

Judgment affirmed.

The other Justices concurred.