117    59
142   ¹595
f142  ¹596

## MORGAN *v.* JONES.

1. BAIL—SURRENDER—PROCEDURE.

Under 2 How. Stat. § 7338, providing that, in proceedings by the special bail of any defendant to effect his surrender in exoneration of his bail, two "copies of the bail piece" shall be produced before the officer authorized to accept the same, the production of papers, sworn by one of the signers of the bail bond to be true copies of the bail piece delivered to him, though not certified as copies by the clerk, is a sufficient compliance

2. SAME—COMMITMENT—EVIDENCE.

In proceedings for the surrender of defendant in exoneration of his bail, the commissioner indorsed an order of commitment on one copy of the bail piece, and the sheriff certified on the other copy that he had defendant in custody by virtue of a commitment of him in exoneration of his bail, and acknowledged it before the commissioner who issued the order. *Held,* that the sheriff's certificate sufficiently showed that defendant was in custody by virtue of a commitment made by the officer before whom he was brought for the purpose of surrender.

3. SAME—DISCHARGE—ACCRUED COSTS.

Where plaintiff, though notified of the surrender of defendant by his special bail, makes no objection to an order discharging the latter from liability because they have not paid the accrued costs, and fails to call the attention of either the court or the bail to the matter of costs until the trial of an action upon the bond, he cannot claim that the nonpayment of accrued costs rendered the proceedings for the surrender void; and a judgment sustaining the validity of the proceedings, but directing the bail to pay such costs, is sufficiently favorable to him.

Error to Clinton; Daboll, J.   Submitted April 7, 1898. Decided May 17, 1898.

*Assumpsit* by William W. Morgan against Hiram F. Jones and Henry H. Jenison on a special bail bond.   From

a judgment for defendants on verdict directed by the court, plaintiff brings error.˙ Affirmed.

*Edwin H. Lyon,* for appellant.

*William R. Clark* and *Spaulding & Norton,* for appellees.

Moore, J. Plaintiff sued George Minkler by *capias.* Defendants became special bail therein. Plaintiff recovered judgment against Minkler of $4,000 and costs. Execution was issued, and returned *nulla bona.* A *ca. sa.* was then issued, and returned unsatisfied, for the reason that Minkler could not be found within the county. This action was then commenced upon the bail bond by declaration filed February 27, 1897, and served on both defendants on March 18th. Defendants pleaded the general issue, and gave notice that defendants had surrendered Minkler in exoneration of his bail on March 24, 1897, and were discharged from their liability as bail on March 30, 1897, by Lewis Severence, a commissioner of said court. In support of their contention, they offered and the court received in evidence, against plaintiff's objection, the proceedings taken in reference to such surrender and discharge, and the court directed a verdict for defendants. Plaintiff appeals.

Six days after the declaration was served upon the defendants, they appeared before one of the circuit court commissioners with Mr. Minkler and the sheriff, with two copies of the bail piece, each of which was sworn by Mr. Jenison to be a true copy of the original bail piece delivered to him upon his signing the bail bond. The original bail piece was in the form given in the statute. Upon one of these copies the following indorsement was made:

"Let the defendant in this cause be committed to the custody of the sheriff of the county of Clinton in exoneration of his bail at the suit of the plaintiff in the plea within mentioned.

"Dated March 24, 1897.

"Lewis Severence,
"Circuit Court Commissioner for Clinton County." .

The sheriff took Mr. Minkler into custody. On the other copy of the bail piece the following entries were made:

"I hereby certify that George Minkler, the above-named defendant, has been committed to and remains in my custody by virtue of a *committitur* of him in exoneration of his bail at the suit of the plaintiff in the plea within mentioned.

[Signed]    "ALONZO E. DUNN,

"Sheriff of Clinton County."

"STATE OF MICHIGAN, } ss.
County of Clinton.

"On this 24th day of March, 1897, before me, the subscriber, a circuit court commissioner in and for said county, personally appeared Alonzo E. Dunn, to me known to be the sheriff of said county and the person whose name is attached to and who made the above certificate, and who acknowledged the same to be true.

[Signed]    "LEWIS SEVERENCE,

"Circuit Court Commissioner for Clinton County."

And the circuit court commissioner made the following order:

"In the Circuit Court for the County of Clinton.
"William W. Morgan

*v.*

George Minkler.

"Due proof having been made before me that the defendant in this cause has been committed to, and remains in the custody of, the sheriff of the county of Clinton, let the plaintiff show cause before me, at my office in the village of St. Johns, in said county of Clinton, on the 30th day of March, 1897, at 9 o'clock in the forenoon, why the bail of the said defendant should not be exonerated from their liabilities.

"Dated this 24th day of March, 1897.

"LEWIS SEVERENCE,

"Circuit Court Commissioner in and for Said County of Clinton."

A copy of this order was served upon one of the attttorneys for the plaintiff March 25th, at his office. The copy was signed in typewriting. Neither the plaintiff nor his

attorney appeared before the commissioner at the hearing, and the commissioner made the following order:

"The Circuit Court for the County of Clinton.
"William W. Morgan
    *v.*
    George Minkler.

"The defendant having been, on his own prayer, and by his bail, and in exoneration of his bail, committed to the custody of the sheriff of the county of Clinton at the suit of the plaintiff in the plea within mentioned, and the said sheriff having certified that the said defendant remained in his custody by virtue of such order of commitment, which certificate was duly acknowledged by the said sheriff, an order was thereupon granted that the plaintiff show cause before me at chambers why the bail of the said defendant should not be exonerated from their liabilities; and the plaintiff not having appeared, and proof of the due service of such order on the said plaintiff's attorneys being produced to me, I do hereby declare that the bail of the said defendant are discharged from all liability as such bail, in the suit in which the within-mentioned bail piece was taken.

"Dated the 30th day of March, 1897.
          [Signed]     "LEWIS SEVERENCE,
"Circuit Court Commissioner in and for the County of Clinton."

It is now said these papers ought not to be received in evidence, because the copies of the bail piece, produced before the commissioner, were not certified by the clerk to be copies, and therefore the commissioner got no jurisdiction to act. The proceedings were under 2 How. Stat. § 7338. This section provides that there shall be produced to the officer authorized to accept the surrender two copies of the bail piece. The statute does not require them to be certified copies, and we think the copies produced, sworn by one of the signers of the bail bond to be true copies of the original, were a sufficient compliance with the statute.

It is said that the certificate made by the sheriff does not show that Minkler was in the sheriff's custody by virtue of a *committitur* of him in exoneration of his bail, made by the commissioner before whom he was brought

for the purpose of surrender.   When we take into account
the papers upon which this certificate was written,
the order of commitment made by the commissioner, and
the sheriff's acknowledgment of his certificate made be-
fore the commissioner, we are led to say the objection is
not well taken.

We have considered the other objections to the re-
ception of these papers in evidence, but we do not think
it necessary to discuss them.

The plaintiff paid no attention to the proceedings before
the commissioner, but noticed the case for hearing.   No
costs had been paid by defendants.   When the proofs
were all in, the trial court inquired how much plaintiff's
costs were when defendants' plea was filed.   It was agreed
that they amounted to $14.   The court directed the de-
fendants to pay this amount forthwith, which was done,
and the court directed a verdict in favor of defendants.
This is said to be error.   Plaintiff claims that because
defendants, when they undertook to surrender Mr. Mink-
ler, did not pay the costs incurred by plaintiff to that date,
the proceedings were a nullity; citing *Mayell* v. *Follett*,
7 Wend. 507; *Bank of Geneva* v. *Reynolds*, 20 How.
Prac. 18; *Cozine* v. *Walter*, 55 N. Y. 304.   None of
these cases disposes of the question involved here.   The
case of *Mayell* v. *Follett* was one where plaintiff took
judgment against the bail before the time had expired in
which he might surrender his principal, and the court
stayed the proceedings, and said that the bail might sur-
render the principal, and that on his doing so, and paying
the costs of suit, the judgment and execution would be
set aside.   In *Cozine* v. *Walter* the defendant was a
sheriff, who was sued by the bail for a false return.   He
sought to justify upon the ground that the bail had not
paid him his fees when the principal was surrendered.   It
was held that he could not do so, under the facts of that
case.   In *Bank of Geneva* v. *Reynolds* the bail applied,
some months after the time had expired in which they
could surrender their principal, for leave to do so.   It will

be seen that this was an appeal to the favor of the court, and it was held that, under the showing made, the bail should be allowed to surrender the principal on payment of the costs of the action, unless it was shown that they had been indemnified by the principal.    In 2 Burrill, Prac. 230, it is said:

"If a suit should have been commenced on the recognizance, notice of the surrender having been made should be given to the plaintiff or his attorney, which will operate as a stay of proceedings, provided the render be made within the time allowed for that purpose by the statute; otherwise, the plaintiff may treat it as a nullity.    If the plaintiff proceed in the action after notice of the render, because no tender was made to him of the costs already incurred, nor any rule obtained to stay the proceedings, the subsequent proceedings will be irregular, the statute of itself operating as a stay of proceedings.    3 East, 306."

The plaintiff, though notified of the proceedings before the commissioner, did not appear before him; and no objection was made to the order made by the commissioner upon the ground that the costs had not been paid, nor was the attention of the circuit court called to this fact before the trial began.    There is nothing to indicate that plaintiff made any suggestion to the defendants about the costs, or that the defendants had any knowledge of the amount thereof until it was stated in court.    The statute providing for the surrender of the principal is silent in relation to the question of costs.    2 How. Stat. § 7338, subd. 4.

We think the trial judge made a proper disposition of the case.

Judgment is affirmed.

The other Justices concurred.