UMPHREY *v.* EMERY.

BAIL IN CIVIL ACTION—SURRENDER OF PRINCIPAL—SATISFACTION.
Where the sureties on a bail bond in a civil action surrender
their principal in conformity with the statute providing for
such surrender (3 Comp. Laws 1897, §§ 10047–10049),. they
are entitled to their discharge as a matter of right, although
an execution against the property of the principal is at the
time outstanding, precluding the obligee, under 3 Comp.
Laws 1897, § 10305, from obtaining a body execution except
by order of the court.

Error to Berrien; Coolidge, J. Submitted June 22,
1899. Decided September 12, 1899.

Debt by Philip Umphrey against Harry B. Emery and
others upon a bail bond. From a judgment for defend-
ants on verdict directed by the court, plaintiff brings error.
Affirmed.

*O'Hara & O'Hara,* for appellant.

*Valentine & Ellsworth* and *Gore & Harvey,* for ap-
pellees.

HOOKER, J. The plaintiff commenced an action for
malicious prosecution, by *capias,* against Henderson, who
was arrested, and gave bail to the sheriff, and, subsequently,
to the action, defendants being sureties, in the sum of
$500. Upon a trial, the plaintiff recovered a judgment
for $250 and costs, which were taxed at $65. The judg-
ment was entered December 3, 1897, and costs were taxed
December 8, 1897, and on the same day a *fieri facias,*
returnable December 29, 1897, was placed in the hands of
the sheriff. On December 8, 1897, the defendants pro-
duced Henderson before a circuit court commissioner of
the county, and caused Henderson to surrender himself in
exoneration of his bail, and he was committed to the

custody of the sheriff, who received him. On December 16, 1897, counsel for the plaintiff was served with an order to show cause why the bail should not be exonerated, and such order was made on December 20, 1897. On December 30, 1897, the *fieri facias* was returned, and an execution against the body of the defendant, returnable January 20, 1898, was immediately issued and placed in the hands of the sheriff, who on January 21, 1898, returned it *non est inventus.* Thereupon this action was brought upon the bail piece. Upon the trial the foregoing facts appeared, and it was shown, further, that, after the surrender of Henderson, he remained with the sheriff until about the 20th of December; that the sheriff offered to turn him over to plaintiff's counsel, and was told that he could not take him until after the expiration of the 20 days mentioned in the *fieri facias,* and that he would take him immediately upon the return of the writ unsatisfied. On December 20th the sheriff set Henderson at liberty, and he went away. Counsel for the plaintiff requested the court to direct a verdict for the plaintiff for $315 and interest from December 8th. This was refused, and a verdict in favor of the defendants was directed.

The surrender and exoneration of bail was made in strict conformity to the statute, which provides for the discharge of the bail upon surrender. 3 Comp. Laws 1897, §§ 10047–10049. "Bail may wholly discharge themselves of their responsibility by rendering their principal, and this may be done either before or after judgment." Grah. Prac. 436. Again, the author says (page 436): "Bail above may, as a matter of right, at any time pending the suit or before the return of the *ca. sa.* against their principal, surrender him in their discharge, and may plead this surrender in any action against them," —citing the case of *Brownelow* v. *Forbes,* 2 Johns. 104.

Counsel for the plaintiff assert that under the statute (3 Comp. Laws 1897, § 10305) the plaintiff was not entitled to an execution against the body until the return of the *fieri facias,* and that the bail had no right to

demand it. Under the statute it is a matter of indifference to the bail what course the plaintiff shall pursue. The right is given to surrender the defendant to the sheriff, who is authorized to keep him until duly discharged, and when this is done, and the order exonerating bail duly made, the question of what disposition shall be made of the defendant is between the plaintiff and sheriff. If the sheriff discharges him improperly, he is liable to the plaintiff. Counsel seem to contend that they are embarrassed by having the defendant imprisoned before they are ready to take out an execution against the body, which they appear to concede might have been done before the return of the *fi. fa.* by obtaining an order of court, under section 10305; but we cannot see that the embarrassment is greater than as though the surrender had been made before judgment. The statute, however, gives the bail the right to a discharge upon certain conditions, and, those having been performed, they need not concern themselves with the wishes or convenience of the plaintiff.

We find no error, and the judgment is affirmed.

The other Justices concurred.