McNEAL v. VAN DUSER.

1. BAIL—DISCHARGE—INDORSEMENT OF ORDER.
Under section 10048, sub. 3, 3 Comp. Laws, requiring the indorsement of an order liberating the bail on the second copy of the bail piece, an indorsement on a piece of paper attached to the bail piece is sufficient.

2. SAME—SURRENDER OF PRINCIPAL.
Under section 10049, 3 Comp. Laws, appearance bail may surrender their principal and be exonerated, notwithstanding plaintiff has brought suit upon the bail bond after forfeiture.

Certiorari to a circuit court commissioner for Shiawassee county; Durham, Com'r. Submitted December 8, 1905. (Docket No. 187.) Decided December 30, 1905.

Case by James W. McNeal against John Van Duser for assault and battery. Suit was begun by capias. There was an order exonerating defendant's bail on surrender of defendant, to review which plaintiff brings certiorari. Affirmed.

*Walsh & Pardee*, for appellant.

*W. J. Parker* and *A. E. Richards*, for appellee.

MOORE, C. J. May 11, 1905, James W. McNeal brought suit against John Van Duser by suing out a writ of capias. On May 15th a declaration was filed therein. On June 28th the defendant was arrested, and an appearance bail bond given in the sum of $200, with Robert Bowles as surety. On June 28th a copy of the declaration was served on W. J. Parker, who had appeared as attorney for the defendant. On July 14th, no special bail having been filed by defendant, the plaintiff took an assignment of the appearance bail bond and commenced action against

the bail, Robert Bowles, by summons.  On July 15th the attorney for defendant served on plaintiff's attorney a plea in the case of James W. McNeal v. John Van Duser, but which service was not accepted.  On July 24th the declaration was filed in the action against the bail, and a copy served on defendant's attorneys.  On July 21st the bail surrendered his principal and commenced proceedings before a circuit court commissioner to be exonerated from liability under the said appearance bail bond, and the commissioner made an order to show cause, returnable on July 28th, why the bail should not be discharged.  On July 28th plaintiff appeared before the commissioner and filed five written objections, and argued them against the liberation of the surety.  On July 31st an order was made by the commissioner exonerating the bail.  The plaintiff excepted to the ruling, and brought certiorari proceedings. On August 8th, in the case of James W. McNeal v. Robert Bowles, the defendant filed his plea to plaintiff's declaration, making the case at issue.

The objections made before the commissioner were:

"1. Because the said appearance bond was, on July 14, 1905, duly assigned from the sheriff of said county to the plaintiff, and an action was commenced in the circuit court for said county on the same date on said bond, and process served on the bail, Robert Bowles; and said action being now in progress for trial.

"2. That by virtue of said action at law on said bond, the right to such action being complete and all the proceedings therein being regular, the said plaintiff has elected his remedy, and therefore, under the laws of this State as it is today, has waived his right to pursue the defendant or the sheriff.

"3. Because of such waiver and election, to exonerate the bail would be to unlawfully deprive plaintiff of a vested right and of his day in court, and to deprive him of his property without due process of law, contrary to the provisions of article 5 of the Federal Constitution.

"4. Because the pretended order of commitment made by the circuit court commissioner to the sheriff to commit the defendant is not indorsed on one of the bail pieces, and does not otherwise comply with the statute.

"5. Because no costs incurred in the action on the appearance bail were either tendered or paid by the bail or his principal when the application for the order was made.

"6. And plaintiff now adds this further objection, viz., that the order liberating the bail was not indorsed on the second copy of the bail piece, as required by subsection 3, § 10048, 3 Comp. Laws."

As to the last-named objection, the order was indorsed on a piece of paper attached to the bail piece. We think the objection too technical.

Counsel say:

"The question in this case is whether, after defendant's forfeiture of the condition in his appearance bail (the 15 days having elapsed in which to file special bail), and plaintiff has waived his right to proceed against the principal defendant by electing to and actually commencing action against the appearance bail, the bail has the right to be exonerated upon surrender of his principal. Upon this direct question there is no decision in this State."

The provisions of our statute in relation to the giving of bail in civil cases are found in sections 10028 to 10049, 3 Comp. Laws. Section 10047 provides that the defendant may surrender himself, or his special bail may surrender him in exoneration of bail. The following section provides how the surrender may be made. This section was construed in a case, almost the only difference in which from the one before us is that the special bail undertook to make the surrender, while in this case the surrender is made by the surety on the bail bond. The case is *Morgan* v. *Jones*, 117 Mich. 59. Section 10049, 3 Comp. Laws, reads:

"When a bail bond shall have been taken on the arrest of a defendant, the bail therein may surrender their principal, or he may surrender himself in exoneration of his bail, in the same manner, before the same officers, and with the like effect as provided in the preceding section with respect to special bail."

We think, because of the provision of the statute just quoted, that the case is within *Morgan* v. *Jones*, supra.

We are of the opinion that the action of the circuit court commissioner was authorized.

Order affirmed.

McALVAY, GRANT, BLAIR, and HOOKER, JJ., concurred.