## SCHWARZSCHILD & SULZBERGER CO. *v.* CRYAN.

1. BAIL — EXONERATION — CAPIAS AD RESPONDENDUM — SPECIAL BAIL—BONDS.

    Sureties who give special bail may surrender their principal within eight days after suit is begun on the bond. *Begole* v. *Stimson*, 39 Mich. 288; 3 Comp. Laws, §§ 10047, 10048.

2. SAME—APPEARANCE BAIL—DEFAULT—SURRENDER OF DEFENDANT.

    As provided by 3 Comp. Laws, § 10049, sureties upon a bond for the appearance of a defendant arrested by capias may surrender him in the same manner and with like effect as in case of special bail, and be exonerated after default in the terms of the bond and within five days after the commencement of an action upon the instrument.

3. SAME—STATUTES—PRINCIPAL AND SURETY.

    3 Comp. Laws, § 10035, does not apply to a case in which the surrender of defendant has been attempted and exoneration asked for; the fact that plaintiff lost a trial of the original action by reason of the default does not prevent the exoneration.

Certiorari to Berrien; Coolidge, J. Submitted June 15, 1911. (Docket No. 61.) Decided November 3, 1911.

Action by the Schwarzschild & Sulzberger Company against Edward Cryan, Monroe H. Morrow, and Edward Dwan, on an appearance bond. An order exonerating the sureties on the bond is reviewed by plaintiff on certiorari. Affirmed.

*Cady & Andrews*, for plaintiff.

*George W. Bridgman*, for defendants.

The defendant Edward Cryan was arrested upon a capias tested July 11, 1910, upon which was indorsed an order to hold to bail in the sum of $2,000. On the same day (July 11, 1910) the said Cryan and the defendants Mor-

row and Dwan, as his sureties, made their bond to the sheriff of the county in the sum of $2,000, conditioned that the said Cryan should appear in the action by putting in special bail within 15 days, and by perfecting such bail according to the rules and practice of said court. To each of said sureties the said sheriff gave a bail piece, and defendant Cryan was released from custody. The return day of the writ of capias was August 8, 1910. Special bail was not given. The appearance bond was assigned by the sheriff to the plaintiff August 5, 1910, and on September 7th thereafter suit was commenced by summons upon the bond to recover the penalty thereof. Defendant Cryan and his sureties appeared in court September 12, 1910, and surrendered the principal defendant into the custody of the sheriff, and thereupon applied to the court to be exonerated from their liability as appearance bail. An order to show cause was issued and served upon the plaintiff, a hearing was had, and on September 26, 1910, the court made an order exonerating bail. This is the ruling complained about; and it is said that it is erroneous for the following reasons:

"*First.* That no appearance was made in the original action by putting in special bail as provided for in the appearance bond within 15 days after the service of the writ, and that, by reason of such default, there was left to the plaintiff herein one of two remedies, namely, a suit on the appearance bond, if the plaintiff was satisfied with the sureties, or a suit against the sheriff.

"*Second.* Because the said appearance bond was on August 5, A. D. 1910, duly assigned by the sheriff of the said county of Berrien to the plaintiff herein, and an action was commenced in the circuit court for the said county on the 7th day of September, A. D. 1910, by summons, and process was served on Monroe H. Morrow and Edward Dwan, as sureties on the said bail bond.

"*Third.* That by virtue of said action at law on said bail bond the plaintiff has elected his remedy to proceed on the appearance bail.

"*Fourth.* Because no costs incurred in the action on the appearance bail had been tendered or paid by the bail or his principal when the application for the order was

made, and up to the time of the filing of these objections.

"*Fifth.* Because of the default of the defendant by failing to put in special bail as provided for in the bond and the default of the sureties on the appearance bail in failing to require the said defendant to put in special bail according to the terms and conditions of the bond the plaintiff has now lost a trial in the September term of court, and according to section 10035 of the Compiled Laws of 1897 the time has expired for the surrender of the defendant and the exoneration of his bail."

OSTRANDER, C. J. (*after stating the facts*). That the sureties who give special bail may surrender their principal within eight days after suit is begun upon the bond, is held in *Begole* v. *Stimson,* 39 Mich. 288. See *Lyman* v. *Giddey,* 96 Mich. 401 (56 N. W. 6); *Umphrey* v. *Emery,* 121 Mich. 184 (80 N. W. 14); 3 Comp. Laws, §§ 10047, 10048. The statute (3 Comp. Laws, § 10049) provides that, when a bail bond shall have been taken on the arrest of a defendant, the bail therein may surrender their principal, or he may surrender himself in exoneration of his bail in the same manner before the same officers and with the like effect as in cases where special bail is given. In *McNeal* v. *Van Duser,* 142 Mich. 593 (105 N. W. 1109), exoneration of appearance bail was sustained where, as in the case at bar, the surrender was made after suit had been begun upon the bond. It is said by plaintiff in certiorari that in that case the attention of the court was not directed to the provisions of 3 Comp. Laws, §§ 10034, 10035, and that in the case at bar plaintiff lost a trial in the original action by reason of the default in not putting in and perfecting special bail. Section 10034 provides that proceedings in a suit on the bail bond may be set aside if irregular, or stayed on terms, in order that a trial may be had in the original action. Section 10035 provides that, if plaintiff has not lost a trial in the original action by reason of default in not filing and perfecting special bail, the court may stay the proceedings on the bail bond, upon the putting in and perfecting special

bail, paying the costs of assigning the bail bond and of the proceedings thereon, receiving the declaration in the action, and pleading issuably to the merits, so that the original cause may be tried at the same time if the plaintiff shall so elect, and, if the plaintiff has lost a trial by reason of such default, judgment shall be entered on the bail bond as security. This section relates, it is clear, to proceedings where no surrender of the principal defendant has been attempted and no exoneration of the bail has been applied for.   It does not qualify section 10049, which gives the bail the right to be exonerated upon certain conditions.   It is not claimed that the enumerated conditions have not been complied with.   The two provisions of the statute may stand together, and may be given effect according to the evident legislative intent.   The case is ruled by *McNeal* v. *Van Duser*.

The judgment is affirmed.

BIRD, BROOKE, BLAIR, and STONE, JJ., concurred.