JOSIAH W. BEGOLE AND APPLETON STEVENS v. THOMAS D. STIMSON.

*Exoneration of special bail.*

Exoneration of special bail cannot be demanded as matter of strict right unless the principal surrenders himself or is surrendered within eight days after return day of the writ or declaration on the recognizance.

Certiorari to James B. Wilson, Circuit Court Com-

missioner of Kent county. Submitted June 20. Decided October 9.

*Blair, Eggleston, Kingsley & Kleinhans* for plaintiffs. The return day of the writ in a suit on a recognizance fixes the tine within which the bail must make the surrender, *Pardee v. Buell,* 2 Hill, 357; bail was exonerated after the expiration of the eight days allowed for surrender in *Wiggins v. Wilson,* 5 Cow., 420; *Livingston v. Bartles,* 4 Johns., 478; *Van Rensselaer v. Hopkins,* 3 Cai., 136; *Boardman v. Fowler,* 1 Johns. Cas., 414.

*Champlin & More* for defendant, referred to the following Michigan statutes concerning bail: 1 Terr. Laws, 650: 3 id., 1114, §§ 23, 26; Rev. Stat., 1838, p. 419; in the English Court of Common Pleas in 1825 the principal might be surrendered during the fifteen days between the *teste* and return of an execution against the body, *Combe v. Cuttill,* 3 Bing., 162; bail are considered fixed when the *ca. sa.* against the principal is returned *non est, Kane v. Ingraham,* 2 Johns. Cas., 403; they have never been allowed eight days from the expiration of the time to plead to an action against them, *Mayell v. Follett,* 7 Wend., 508; Graham's Prac. (2d ed.), 437; 2 Burrill's Prac., 229; the right to surrender their principal has never been conceded in New York after the expiration of eight days from return of process, *Strang v. Griffin,* 1 Johns. Cas., 329; *Ellis v. Hay,* id., 334; *Brownelow v. Forbes,* 2 Johns., 101; *Brown v. Smith,* 9 id., 84; though they have been allowed, on special application, an extension of time on account of the imprisonment of their principal for crime, *Phœnix Ins. Co. v. Mowatt,* 6 Cow., 599; *People v. Whitmarsh,* 2 Wend., 263; or his sickness, *Thomas v. Bulkley,* 5 Cow., 25; an extension has been refused where the showing was that the bail had mistaken the return day and their principal was out of the state, *Rathbone v. Warren,* 4 Johns., 310; or that he was a lunatic, *Cock v. Bell,* 13 East, 355; *Bowerbank v.*

*Payne*, 2 Wash., 464; or that he was too sick to be moved, *Wynn v. Petty*, 4 East, 102; *Warrington v. Sammell*, 10 Moore, 170; bail must conform to the law as to the time and manner of making surrender, or they are not entitled to their discharge, *Cozine v. Walter*, 55 N. Y., 304; under § 191 of the New York code the principal may be surrendered or may surrender himself within twenty days after suit is begun against the bail, or within such farther time as the court may allow, or the bail will be absolutely fixed, *Baker v. Curtis*, 10 Abb. Pr., 279; in New York, New Jersey, Pennsylvania, South Carolina and Maryland, bail are fixed on return of execution *non est* unless the principal is surrendered within the time allowed by the court, *Boggs v. Teackle*, 5 Binn., 332; *Armstrong v. Davis*, Coxe, 110; *Rathbone v. Blackford*, 1 Cai., 588; *Gordon v. Liepman*, 3 McCord, 49; *Davidson v. Taylor*, 12 Wh., 604; so too in Connecticut, Vermont, and South Carolina, unless they can show that return was unfairly made, *Collins v. Cook*, 4 Day, 1; *Saunders v. Bobo*, 2 Bailey, 492; *Fitch v. Loveland*, Kirby, 384; *Howe v. Ransom*, 1 Vt., 276; *Edwards v. Gunn*, 3 Conn., 316; in Pennsylvania four days is allowed after return of process against bail, *M'Clurg v. Bowers*, 9 S. & R., 24; in Illinois no surrender can be made after the return day of the process in a suit on the recognizance, *Gear v. Clark*, 3 Gilm., 64; *Cleveland v. Skinner*, 56 Ill., 500.

GRAVES, J. This is a certiorari to a circuit court commissioner to review his refusal to exonerate plaintiffs as special bail for one Dwight Gibbs, they having become such bail in an action brought by defendant Stimson against him in the circuit court for Kent county.

In that suit Stimson recovered judgment and proceeded regularly to enforce it by execution against property and likewise against the body. The latter execution was returnable September 24th, 1877, and was actually returned and filed on the 25th of that month. It bore

the certificate of the sheriff that Gibbs could not be found within the sheriff's county. The bail resided in different counties, Begole being a resident of Genesee and Stevens of Bay. On the 4th of October, being nine days after the actual return of the execution against the body and ten days after the time for its return, Stimson commenced suit by declaration in Genesee county against the bail on their recognizance. The declaration was filed and rule to plead entered and copies of the declaration with notice of the rule served, on that day. All these steps are admitted to have been formal and regular. It was claimed and not denied that the bail appeared to the action and that when it was commenced the circuit court for the county of Kent was in session and continued in session for more than eight days thereafter. Whether the circuit court for Genesee was then in session does not appear. There was evidence that the next term was appointed to commence on the 20th of November ensuing.

On the 15th of October, being twenty days after the return of execution against the body, and eleven days after the commencement of suit against the bail, Gibbs the principal, presented himself before the commissioner for Kent county for the purpose of surrender in exoneration of his bail. The commissioner entertained the application and after a full hearing denied it and refused to order a discharge of the bail, and it is this decision which is now brought into question. The position of the plaintiffs in certiorari is that the commissioner in refusing to discharge, erred in point of law. No other ground is open. Neither the original suit nor that against the bail is in this court, and we have no authority whatever except what belongs to us as a court of error sitting to review this specific determination of the commissioner.

We have no concern with what either the circuit court for Kent county or the circuit court for Genesee county might have done in their discretion. Nor is it a sub-

ject of inquiry here whether the commissioner had power to receive an excuse for not making a render earlier. The question and the only question on this return is, whether it appears that the commissioner was bound to liberate the bail. If he was not, whatever might be said as to his power to do it under the circumstances, his decision cannot be disturbed.

It follows that the evidence submitted to the commissioner to show why it was that Gibbs did not render himself between the 9th and 15th of October, and to excuse the failure is of no importance on this hearing. It is of course well known that a party need not wait for counsel, but may render himself (*Nethersolc's Bail*, 2 Chitty, 99), and the books are replete with evidence of the indisposition of the courts to excuse defaults. 1 Tidd's Pr., 308: *Perigal v. Mellish*, 5 T. R., 363; *Field v. Lodge*, 3 Doug., 410.

The real question presented on this record is this,— within what time in case of special bail may a render be made as matter of right?

On the part of the bail it is contended that it extends to the end of eight days in term after the return of process served on them, and that by fair construction this applies to suits commenced by declaration, and there means eight days running from the expiration of the time allowed for pleading.

This last position that the beginning of the eight day period is postponed in cases commenced by declaration, until the expiration of the space allowed for pleading, is rather suggested than urged; and indeed, the proposition that the render in question was in season to be insisted on as matter of strict right, is not pressed.

The ground chiefly relied on is that "whether strictly in time or not, the facts disclose such diligence and evident good faith on the part of the bail in endeavoring to make the surrender, as to entitle them under the practice of the courts, to be exonerated." We have

noticed this view and observed that if admissible below it is one we cannot act upon as a court of error.

Granting for the present, but without deciding, that in case the time had unquestionably passed for surrender as matter of right, it was still competent for the commissioner or circuit court, in the exercise of a discretionary power over the practice of the court, and on the ground of grace and favor, to liberate the bail, it is very obvious we think after all, that it is not in our power in this proceeding, if in any, to retry upon the original showing the propriety of relief on such a claim, or to assume to adjudicate upon the wisdom displayed by the commissioner. We are sitting as a court of error to decide whether the tribunal below was *bound* to relieve, and not to assert an appellate authority over matters confided to the discretion of that tribunal.

The fact that the disposition of a subject in one way or another is submitted to discretion necessarily implies that it cannot be revised on writ of error. That proceeding supposes the will of the appellate court to be controlling on the question, and to admit that a controlling will resides in a different jurisdiction is to deny the existence of the discretion. An objection may lie that discretionary power has been abused.

But no such question is presented, or in view of the state of facts could be. The defendant in certiorari contends that the period for rendering as matter of right ceases when the execution against the principal is returned, and that if any exception exists, it consists in allowing eight days after the return of process against the bail,—an exception, as he alleges, which has no application where the bail are sued by declaration, and not by writ. He also maintains that even if this allowance of eight days is held applicable to suits so brought, the time must begin when the declaration is served and not later, and hence that the render here was too late in any view.

There is no rule on the subject. Neither is there any statute which in direct terms defines the time within which a render may be made. Under the ancient course the only remedy against bail was *scire facias,* and the courts did not permit a common action on the recognizance. *Godlington v. Lee,* Thos. Raym., 14. And no render was allowed after return of execution not found, against the principal. This practice was taken advantage of to work oppression. Execution against the principal would be issued one day returnable the next, and so allowing no time for bail to bring in the body. To prevent such injustice the court proceeded upon the ground of grace and favor to allow time after return of *scire facias.* 1 Tidd's Pr., 308; *Wilmore v. Clerk and Howard,* 1 Ld. Raym., 156.

After some fluctuations the right to bring debt on the recognizance of bail was sanctioned, and a rule was adopted providing that in such case the bail should have eight days after the return of the writ to render the principal. This was in the 13th of William III.; *Milner v. Petit,* 1 Ld. Raym., 720. In the 1st of Anne it was provided by rule of court that in case of suit by action against the bail they should "have liberty to render the defendant in discharge of his bail, by the space of eight entire days in full term next after the return of the *latitat* or other process sued out against them." *Fisher v. Branscombe,* 7 T. R., 355.

Although by the literal terms of the recognizance the bail might be considered as definitely fixed by the return of the execution against the principal not found, still the court thought the recognizance was so blended with the process and procedure as to give some discretionary power over the proceedings and authorize equitable mitigation.

The theory was invariably maintained that the allowance of the eight days was mere matter of grace and favor, but the allowance was as certain and invariable as though of strict right. The practice was never

departed from and was always appealed to with as much confidence as to any positive regulation whatever.　As something on which the bail might fairly rely it was practically a matter of right during the existence of the rule.　To interpret proceedings and preserve their due relations and dependence it was proper to perpetuate the theory.　The practice of the Common Pleas was not exactly the same.

Between the Revision of 1830, and the adoption of the code there was no express provision in New York limiting the time for special bail to render their principal, and there was no uniform practice on the subject. The Supreme Court prior to the Revision pursued a practice derived from the King's bench and closely resembling it, and it was kept up afterwards.　The bail were allowed eight entire days including Sunday in full term after the return of process against them, and the "term" for the purpose in question was deemed to continue only to the second Saturday after its commencement.　2 Burrill's Pr., 229.　The courts of common pleas in the respective counties made their own regulations.　The Superior Court of the city allowed ten days after return of process against the bail.

Although many provisions in our statutes agree exactly with those in the Revision of New York, made in 1830, still numerous regulations are found there which we have not, and considering the diversity of practice which has existed there concerning the time allowed for surrender, there is no foundation for deriving a definite and satisfactory rule from that source. It is, however, very apparent that there as in England, and generally elsewhere, the return of the execution against the principal not found has not been regarded as the termination of the time for making surrender.

Everywhere has it been considered not only competent, but expedient to exceed this time and not only so, but to extend it beyond the return of process against the bail.　So much is proved by the practice of all

courts. And we have seen that by the rule of the Queen's bench during more than a century and a half the period so given was eight days.

As already observed we have no regulation in direct terms. There is a provision however which very strongly implies a regulation. It is in these terms: "When the defendant in a suit shall die after the return of the execution against his body, and before the expiration of eight days from the return of the process served on his bail, the court shall relieve such bail on the same terms as if they had surrendered their principal at the time of his death." Comp. L., § 5766.

This provision is certainly required to be read and construed with that which prescribes the form of the recognizance, and it becomes evident that in enacting what the recognizance should contain it was not intended to limit the time for surrendering by the time of return of the execution against the principal. If, as is claimed, it was designed that the bail should be positively fixed on return of execution against the principal, why specially provide that his death after that event, and much more, so late as at some time during the eight days after return of process served on them, should entitle them to be relieved, and not only so, but in the same way as though they had surrendered him at the time of his death? Why should they be able to make his death in that interval a ground of relief? Why relieve as though he had been surrendered if he could not have been surrendered if he had continued to live? If the law has already barred his surrender, why ordain that his subsequent death shall be equivalent to a surrender?

If the theory is sound that return of execution against the principal conclusively binds the bail and cuts off their right to surrender at their option, how can it make any difference in the case, that the principal dies after such return or that his death takes place within a specific space thereafter? What explana-

tion can be given? Now the implication appears clear that his death at the time mentioned prevents his surrender and that he might be surrendered as matter of right at any time within the eight days, if living.

The absolute right is in the bail to make surrender, and it is terminated by the death of the principal. The fair conclusion is that the statute must be deemed to contemplate a positive right in the bail to surrender until the expiration of the eight days if the principal is alive. There is no qualification. So much space is allowed after return of process served on the bail and without regard to term time or any artificial apportionment of it, and this measure of eight days is doubtless a remnant of ancient practice.

According to this view, if the action against the bail here had been commenced by writ, it would follow that the proceeding before the commissioner to effect surrender was too late to be matter of right. But the suit was commenced by declaration, and on the part of the defendant in certiorari it is said that declaration is not process, and hence that the provision for surrender does not apply to the case; and on the part of the bail it is claimed that suits commenced by declaration on recognizances of bail are within the reason of the statute and that the eight days in such cases only commence at the expiration of the time to plead.

The circumstances would have to be very controlling to lead to the opinion that the Legislature in allowing the bail to be sued by declaration·thereby intended to give an option to the creditor to allow or disallow the eight days for surrendering. And yet, if such time is given when the suit is commenced by writ, and is not given where the first proceeding is a declaration, it is left to the creditor to decide by choice of remedy whether the eight days shall be allowed or not. No reason can be imagined for such a distinction. On the contrary, fairness and uniformity are opposed to it. The practice of commencing suits by declaration as authorized by our

39 MICH.—38.

statute, is modern and we derive it from New York, and there it is settled that in such cases the filing and service of declaration is in the nature of process to bring the defendant into court, and for many purposes must be regarded as process, and ruled upon accordingly, *Roth v. Way*, 2 Hill, 385; *Thayer v. Lewis*, 4 Denio, 269. And in *Mayell v. Follett*, 7 Wend., 507, the court decided expressly that bail were entitled to the same time for making surrender after service upon them of declaration as commencement of suit, that they would have in case they were sued on their recognizance by capias.

We think the principle is correct, and that the bail on being served with declaration as a mode of instituting suit against them are at the same stage of proceeding, for the purpose of effecting a surrender of their principal, which is attained at the return of capias served upon them.

The result is that the plaintiffs in certiorari had eight days after service of declaration within which as matter of strict right to make surrender, whether the court was in actual session or not; and that when the principal appeared before the commissioner on the 15th of October to effect surrender, the time for doing so as matter of right had elapsed, and the commissioner was not bound to exonerate the bail. It follows that the judgment must be affirmed with costs.

The other Justices concurred.