81  577
110  346

THE CITY OF MENOMINEE v. THE CIRCUIT JUDGE OF MENOMINEE COUNTY.

*Municipal corporations—Commencement of suit—Service of process.*

1. Suits may be commenced by declaration against municipal corporations.

     So *held,* where a suit was so commenced against a city whose charter provided that all *process* against the city should be served by leaving a certified copy with one of three designated officers, at least ten days before the *day of appearance* mentioned therein.

2. The filing and serving of a declaration under How. Stat. §§ 7291, 7292, as commencement of suit, is in the nature of process to bring the defendant into court; citing *Begole v. Stimson,* 39 Mich. 298; *Ellis v. Fletcher,* 40 Id. 321.

*Mandamus.* Submitted April 29, 1890. Denied July 2, 1890.

Relator applied for *mandamus* to set aside the service of a declaration and notice of rule to plead, for the reason that the statute does not authorize the commencement of suits by declaration against municipal corporations. The facts are stated in the opinion.

81 MICH.—37.

*W. H. Phillips* (*B. J. Brown*, of counsel), for relator.
*Sawyer & Waite*, for respondent.

MORSE, J. This motion involves a question of practice relating to the commencement of suits.

Suit in *assumpsit* was commenced in the circuit court for the county of Menominee, by filing a declaration, entering a rule to plead, and serving a copy of such declaration and notice of the entry of rule to plead upon James C. Sherman, city clerk, and P. A. Van Bergan, Mayor of said city, by delivering personally to each a copy. The city of Menominee appeared specially by its attorney, and moved to set aside the service of the declaration and notice of the rule to plead, and to strike the declaration from the files, for the reason that there is no law authorizing the commencement of suits against a municipal corporation by declaration. The circuit judge denied the motion, and we are asked to issue a *mandamus* compelling and directing him to vacate his order of denial, and to grant the motion.

It has certainly been the general understanding in this State that suits against cities and villages could be properly commenced by declaration under the statute, and a vast majority of the cases against cities and villages, coming into this Court since I have been upon the Bench, have been commenced by declaration, and this is the first time that any objection has been made to such procedure. The relator claims that How. Stat. §§ 7291, 7292, relative to commencement of suits by declaration, have reference only to natural persons, and that this method of commencing suits was borrowed from New York, where suits against corporations could be commenced only by summons; that section 8137 extends the provisions in the other sections *to private*

corporations, but no provision is anywhere made applying such sections to municipal corporations.

I cannot accede to this narrow view of the sections referred to. Sections 7291 and 7292 in terms apply to all suits, and section 7291 provides that—

"Actions brought for the recovery of any debt, or· for damages only, may be commenced" by declaration.

Section 8137 is a part of chapter 280, entitled "Proceedings by and against Corporations in Courts of Law," and provides that—

"Suits against corporations may be commenced by original writs of summons, or by declaration, in the same manner that personal actions may be commenced against individuals."

I see no reason, unless special provision otherwise is made somewhere in the statutes as to municipal corporations, or in the charters of such corporations, why this section of the statute would not govern the commencement of suits against municipal corporations.

But it is further argued that the charter of the city of Menominee provides how suits shall be commenced against the city, and that such provision precludes the beginning of suits by declaration.[1] The charter says that—

"All process against the city shall run against the city in the corporate name thereof, and may be served by leaving a certified copy with the mayor, city clerk, or city attorney, at least ten days before the day of appearance mentioned therein."

A declaration is a process. And it has been said by this Court that the filing and serving of the declaration is in the nature of process to bring the defendant into court. *Begole v. Stimson,* 39 Mich. 298; *Ellis v. Fletcher,* 40 Id. 321.

---

[1] See Local Acts of 1883, No. 228, chap. 30, § 1.

It is urged that there is no return-day in a declaration, and consequently it was not intended that suits should be commenced by that process; but in reality there is a return-day in the notice to plead, and such return-day is 20 days after the service of the copy and notice of rule to plead upon the defendant. It may not answer technically as a return-day, but to all intents and purposes it is one. The "day of appearance" is mentioned in the rule to plead, notice of which is served with the copy of the declaration, just as explicitly as it is in a summons or chancery subpœna. It does not, it is true, name the day and year in words or figures, but it requires an appearance within 20 days from the date of service, which makes the time of appearance as certain and definite as in the other writs. This provision as to commencement of suits against the city of Menominee does not differ materially from the provisions of the general laws as to cities and villages. As to cities, the statute reads:

"All process against the city shall run against the city in the corporate name thereof, and may be served by leaving a certified copy with the mayor, city clerk, or city attorney, *at least ten days* before the day of appearance mentioned therein." How. Stat. § 2766.

As to villages:

"Service of process in suits against corporations organized under this act may be made on the president or clerk of the village, or, in their absence, upon any of the trustees thereof, by leaving certified copies of such process with the officer served, at least eight days *before the return-day* of such process." How. Stat. § 2773.

If, therefore, the charter of the city of Menominee be so construed as not to admit of the commencement of suit against such city by declaration, then no suit can be begun in that way against any city or village incorporated under the general laws of this State. I can see no

good reason for such a technical holding. And I am at a loss to discover how the rights of the city or the opposite party can in any way be affected, either for good or evil, by permitting suits to be commenced against it by declaration.

The writ must be denied, with costs.

The other Justices concurred.