## PENFOLD *v.* SLYFIELD.

1. COMMENCEMENT OF SUIT—DECLARATION—SERVICE.

Under 2 How. Stat. § 7291, relating to the commencement of suits by declaration, service of the copy of declaration and notice of rule to plead may be made by the plaintiff in person, even though he be an officer authorized to serve process in general.

2. SAME—STYLE OF PROCESS—CONSTITUTIONAL LAW.

The provision of the Constitution (article 6, § 35) that the style of all process shall be "In the Name of the People of the State of Michigan" does not apply to notice of the rule to plead served with a copy of the declaration as commencement of suit, but only to process issued by the courts.

3. PARTIES—JOINT DEFENDANTS—NOTICE OF TRIAL—JUDGMENT.

A judgment in an action against several defendants in which only a joint judgment is permissible cannot be rendered with-

out giving notice of trial to a defendant who is not served, but who appears, and files and serves a plea of the general issue, unless the right to such notice is waived.

Error to Benzie; Aldrich, J.   Submitted April 9, 1896. Decided July 28, 1896.

*Assumpsit* by Jonathan Penfold against Charles B. Slyfield and others upon an appeal bond. From a judgment for plaintiff, defendants bring error. Reversed.

*Wilson & Bailey* and *Pratt & Davis*, for appellants.

*Smurthwaite & Fowler*, for appellee.

MOORE, J.   In February, 1894, in the United States district court, Penfold obtained a judgment on a cross libel against the tug E. D. Holton, the property of the Slyfields, the amount of the judgment and costs being $2,306.21.   Pending an appeal to the United States circuit court of appeals, and in order to stay proceedings, the Slyfields filed a *supersedeas* bond in the sum of $4,000.   The sureties on the bond were the other defendants in this cause.   The court of appeals affirmed the judgment of the district court in February, 1895 (13 C. C. A. 512, and 66 Fed. 362), and added the costs and damages incurred during that trial.   In June, 1895, the judgment being unpaid, and the tug Holton having been sold by the Slyfields, plaintiff began suit by declaration in the circuit court for Benzie county upon the bond.   The declaration, with rule to plead indorsed thereon, was served by the plaintiff personally upon all the defendants except Elmer E. Slyfield, and plaintiff made affidavit of service.   All of the defendants except Elmer E. Slyfield appeared by their attorneys, and moved to quash the proceedings.   The motion attacked the process served by plaintiff, upon the following grounds:

1. That Penfold was a deputy sheriff, and could not legally serve his own process.

2. That the rule to plead, indorsed on the declaration, was not sufficient, in that it was not entitled "In the Name of the People of the State of Michigan," and was consequently not proper process.

3. That because of such defect in the rule to plead the court obtained no jurisdiction over the defendants.

The court overruled the motion, and, as no further appearance or pleading was made by the defendants, their default was duly entered. In September, 1895, the cause came on for trial, in the Benzie circuit court. The attorneys for Elmer E. Slyfield appeared, and, in his behalf, filed and served a plea of the general issue, and claimed that, as no notice of trial had been served on Elmer E. Slyfield, the cause could not proceed. The court directed the trial to proceed, and as Elmer E. Slyfield's attorneys declined to take part, on the ground above stated, judgment was entered as against all the defendants, Elmer E. Slyfield being treated as a defendant not served with process.

Section 7291, 2 How. Stat., authorizes commencement of suits by declaration, and prescribes the method in which they may be commenced, and provides for personal service upon the defendant. It has long been held that the service of the declaration may be made by the plaintiff. 1 Green, New Prac. (2d Ed.) 132; Grah. Prac. 459; *Munn* v. *Haynes*, 46 Mich. 140.

As to the proposition that the declaration and rule to plead must run "In the Name of the People of the State of Michigan," or violate article 6, § 35, of the Constitution, which provides that the style of all process shall be "In the Name of the People of the State of Michigan," it is sufficient to say that this provision applies only to process issued by courts. *Tweed* v. *Metcalf*, 4 Mich. 588. Courts issue process of various kinds, but do not issue declarations as commencement of suits. They are prepared and issued by the plaintiff, or some one acting for the plaintiff. It is true that in *Begole* v. *Stimson*, 39 Mich. 298, and *City of Menominee* v. *Menominee*

*Circuit Judge*, 81 Mich. 577, the declaration is characterized as being in the nature of process to bring the defendant into court; but nowhere is it regarded as process, within the meaning of the foregoing constitutional provision. The method of commencing suits by declaration has been in use in this State for many years. They have never been entitled "In the Name of the People of the State of Michigan." To hold this was essential would revolutionize the practice, and invalidate half the judgments taken in our State courts. We think the circuit judge very properly overruled the motion to quash the proceedings.

The only other question necessary to discuss here is what effect, when the cause came on for trial, did the entry of appearance of Elmer E. Slyfield, and his plea of the general issue, have upon the case? Was the effect of this action such as to make it unlawful for the court to render judgment in form against all of the defendants, after which an execution might issue that would be good against all of the defendants except Elmer E. Slyfield, who was not served with process? Just what occurred before the trial judge, after Elmer E. Slyfield appeared in the case, we have no means of knowing, as no bill of exceptions has been settled. The record is silent as to whether he asked for a continuance of the case, announced himself ready for trial, or remained silent. All of the defendants who were served with process were in default, and as to them the case was in a condition to be heard. The record shows that plaintiff's claim was upon a joint demand, upon which his judgment must be against all or none. The defendant Elmer E. Slyfield had a legal right to appear at any time before trial. *Ralston* v. *Chapin*, 49 Mich. 276. By filing and serving his plea, he became entitled to notice of trial; and no judgment could be taken against him without such notice, or a waiver of his right to the same. It would seem to follow that if the judgment must be joint, and the case was not in a situation to go to judgment against one of the joint

debtors, the court could not properly render any judgment. *City of Detroit* v. *Houghton*, 42 Mich. 459; *Seligman* v. *Gray*, 66 Mich. 341; *Ralston* v. *Chapin*, 49 Mich. 276; 1 Green, New Prac. (2d Ed.) 461; *Bank of Genesee* v. *Field*, 19 Wend. 643; *Platner* v. *Johnson*, 3 Hill, 476; *Miller* v. *McCagg*, 4 Hill, 35.

The judgment is reversed, and a new trial ordered.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. LONG, C. J., did not sit.