<hr />

## HARRIS *v.* THOMAS.

1. PLEADING—AMENDMENTS AT TRIAL—NECESSITY.

Where a declaration on the case was framed on the theory of a seizure of plaintiff's property without legal authority, and the proof showed a seizure under a writ of replevin issued in due form, but without probable cause, the plaintiff was entitled to amend at the trial, but the amendment should in fact have been made, and the amended declaration filed, either before verdict or within a reasonable time thereafter.

2. MALICIOUS PROSECUTION—REPLEVIN—INSTRUCTIONS — REQUESTS —BURDEN OF PROOF—WANT OF PROBABLE CAUSE.

In an action on the case for the malicious prosecution of a suit in replevin, a general instruction that the burden of proof is on plaintiff, as in other cases, and it is for the jury to say from the testimony whether the evidence satisfies them that there was no probable cause for instituting the suit, is not

sufficiently specific to justify refusal of defendant's requests to charge that the burden of proving want of probable cause is on plaintiff.

3. SAME—DAMAGES—EXTORTION—INJURY TO FEELINGS.
    Damages may be awarded for injury to plaintiff's feelings, where defendants wantonly, maliciously, and without probable cause conspired together to institute a replevin suit for the purpose of extorting money from plaintiff.

4. SAME—REPLEVIN—DAMAGES—RETURN OF GOODS—STORAGE.
    Where defendant in replevin elected to take judgment for the return of the goods, he cannot, in malicious prosecution, subsequently brought, recover for the expense of storing them after their return.

5. TRIAL—ARGUMENT OF COUNSEL—PREJUDICE.
    Reversal will not be granted for argument of counsel which, though in bad taste, was supported by the evidence.

Error to Wayne; Hosmer, J. Submitted April 26, 1905. (Docket No. 92.) Decided June 8, 1905.

Case by Lovina Harris against John H. Thomas and others for malicious prosecution. There was judgment for plaintiff, and defendants bring error. Reversed.

*James H. Pound*, for appellants.

*Goodson & Houck*, for appellee.

BLAIR, J. The defendants seek in this case to review by writ of error the judgment and proceedings of the Wayne circuit court in an action of trespass on the case, for the malicious prosecution of a suit in replevin. It was plaintiff's theory, and she put in evidence tending to show, that the defendants Reed and Thomas, well knowing that she had fully paid or tendered the amount due upon a chattel mortgage to said Reed on her household goods, conspired together to extort further sums of money from her under said mortgage, and, to that end, the defendant Thomas made a pretended purchase of said mortgage, and the note accompanying the same, prior to its maturity, as the pretended agent in that regard of the defendant Cou-

sen; that, after the maturity of said note and mortgage, the said Thomas, without any authority from Cousen, who was abroad, made the affidavit for a writ of replevin, and signed the name of Cousen to the bond as principal, and, the defendant Reed signing as a surety, a writ of replevin was issued by a justice of the peace for the goods described in the mortgage; that this writ of replevin was placed in the hands of a constable, who, peaceably and with perfect official propriety, executed his writ by taking possession and removing all of plaintiff's property except one bed and a stove, in which there was a fire, and which the officer said he would return for. The jury in the replevin suit found that the tender made by Mrs. Harris was sufficient, and rendered a verdict in her favor, upon which the justice entered a judgment for the return of the property taken on the writ, and most of it was so returned, but, as claimed by plaintiff, in a damaged condition.

Plaintiff claimed that, by the taking of her property, her business of baking bread, from which she derived an income of $14 per week, was utterly destroyed, and that she suffered great humiliation, mental anguish, and mortification in consequence of the malicious and wanton acts of the defendants in publicly stripping her of all of her property.

It was the theory of defendants, and they gave evidence tending to show, that the defendant Thomas purchased the note and mortgage of the defendant Reed for his principal, in good faith, before maturity, and that after the transfer to Cousen the defendant Reed had no further interest in the note and mortgage, and took no part in the replevin proceedings.

At the close of plaintiff's testimony, defendants' counsel moved the court to direct a verdict because the proofs did not sustain the declaration, which it is claimed alleged a trespass without legal authority, while the proofs showed that whatever was done was by virtue of competent legal process. In response to this motion, the court said:

"After all, if it is inartificially alleged in that respect, they ought to have the right to amend on the trial, because there is nobody surprised by the mistake."

In submitting the case to the jury after the proofs were closed on both sides, the court said:

"I say this is a case of malicious prosecution. Probably an inspection of the declaration as filed in this cause would show that if it was such it was rather inartificially set forth, but, as I have stated to the counsel, we will proceed, considering the declaration amended, to make it a case of malicious prosecution, and not wait until such time as the new declaration has been drawn. In the case at bar the question for your determination is whether John H. Thomas had a reasonable cause or probable cause for instituting the replevin suit, and whether Alfred Reed, if you find that he was an active party to the institution of that suit, had probable cause for bringing the same."

The court charged the jury on the subject of damages that plaintiff would be entitled to recover for any damage the furniture sustained in the moving and the being brought back, and such damages as she sustained from the loss of the furniture during the time it was gone, and that the jury might also award her damages to compensate her for injuries to her feelings and for the shame and humiliation growing out of the wantonness of the defendants' conduct.

"But in saying what I have, gentlemen of the jury, I do not mean to say that she is necessarily entitled to any damages on that score, but only as you shall view the conduct of the parties and view her own feelings in that regard. You cannot award these by way of example or by way of punishment, but only by way of compensation."

The jury found a verdict in favor of the plaintiff, and defendants bring the case to this court for review.

Defendants' counsel contends that the court should have granted his motion to direct a verdict because of variance between the proofs and the allegations of the declaration, that the court erred in not giving defendants' requests as to the burden of proof, that the court erred in permitting

plaintiff to prove the amount she paid for storage and cartage, that the court erred in instructing the jury that they might give damages for injuries to the feelings, that the court erred in permitting objectionable and prejudicial argument by plaintiff's counsel, and in some 40 or 50 other particulars, to which we do not deem it necessary to call attention.

We think that the court was within the limits of his discretion in permitting the amendment to the declaration. We think, however, the trial judge should have required the declaration to be filed either before verdict, or within a reasonable time thereafter. So far as the record discloses, no amendment has ever been made or filed, and the only declaration before us is the original declaration, which the court properly held was at variance with the case made by the proofs, and required amendment.

Defendants' tenth and eleventh requests to charge were as follows:

" 10. This being a prosecution for damages arising out of the suing out of a writ of replevin proper in form, it is incumbent upon plaintiff to show that the defendants in this case acted without probable cause, before she can recover any damages.

" 11. The burden of showing the existence of the want of probable cause is upon the plaintiff."

These requests correctly stated the law as to the burden of proof, and should have been given. *Rankin* v. *Crane*, 104 Mich. 6. The court did not give the requests, but charged the jury as follows: " But, of course, the burden of proof is upon the plaintiff in this suit, as in any suit, and it is for you to say from the testimony whether the evidence satisfies you that there was no probable cause on the part of " the defendants in instituting the suit. While to the trained legal mind the charge of the court would convey substantially the idea embodied in the request, we are not clear that this would so appear to the jurymen, and we think the defendants had a right to have

the attention of the jury specifically directed to the subject in the language of their request.

We hold that the court was not in error in instructing the jury that they might award damages for injuries to the feelings in case the defendants had wantonly and maliciously, and without any probable cause, conspired together to institute the replevin suit for the purpose of extorting money from the plaintiff, which we understand to be involved in the court's ruling. *Hamilton* v. *Smith*, 39 Mich. 230; *Wilson* v. *Bowen*, 64 Mich. 133; *Brand* v. *Hinchman*, 68 Mich. 590; *Brounstein* v. *Sahlein*, 65 Hun (N. Y.), 365; *McPherson* v. *Runyon*, 41 Minn. 524; *McCormick Harvesting Machine Co.* v. *Willan*, 63 Neb. 391 (56 L. R. A. 388). See 93 Am. St. Rep., and note, at page 465; *Lawrence* v. *Hagerman*, 56 Ill. 68; *Biering* v. *First Nat. Bank of Galveston*, 69 Tex. 599.

We think the court erred in permitting the plaintiff to prove as part of her damages the amount which she paid out for storage for her goods after they had been returned to her by defendants in accordance with the judgment of the justice of the peace. Having elected to take a judgment for the return of her goods, she could not hold defendants in damages for her own act in storing them.

We do not think it was reversible error to permit the argument of plaintiff's counsel to which the defendants' counsel took exceptions. If plaintiff's theory of the transaction was correct—and we think there was evidence to support it—the remarks of counsel, while perhaps not in good taste, cannot be said to be unfounded.

The other assignments of error are either without merit, or are unlikely to arise again upon another trial.

The judgment is reversed, and a new trial granted.

MOORE, C. J., and GRANT, MONTGOMERY, and OSTRANDER, JJ., concurred.