## RIMMELE v. HUEBNER.

1. TRIAL—JOINDER—DISCONTINUANCE—MOTIONS.

At the trial of an action for breach of a contract of warranty, the trial court did not err in declining to require plaintiff to elect whether or not he would proceed jointly against both defendants, who were made parties to the cause, or would discontinue as to one of them, as the right of plaintiff to the benefit of Circuit Court Rule 27 was inconsistent with such compulsory election, plaintiff being authorized under the rule in taking the verdict of the jury against all or one of the defendants as the proofs may justify.

2. SAME—JUDGMENT—PARTIES.

And where one of the defendants, a corporation, did not plead but appeared specially to move that the service be quashed, and by stipulation the motion was withdrawn, so that the case was not at issue as to the defendant referred to, which had not been defaulted, and the case could not proceed to a joint judgment, the other defendant was not entitled to have his motion granted to ascertain whether plaintiff would proceed against one defendant: he must be charged with knowledge that a judgment could be had against him alone.

3. SAME—JOINDER—DISCONTINUANCE.

If the proofs warrant only a joint judgment, and the case is not in a situation to enter judgment against one of the joint debtors, the court cannot properly enter any judgment.

4. SAME—VARIANCE—AMENDMENT.

Paragraph (c) of Circuit Court Rule 27 authorizes the jury, in a suit against joint defendants, to render a verdict against those who are found to be liable without any requirement as to amending the declaration: either the variance is disregarded or amendment assumed to be made; and hence, upon plaintiff discontinuing against one defendant at the close of plaintiff's case, and proceeding to judgment against the other, the court did not err in not requiring a formal amendment of the declaration.

5. SAME—PRACTICE.

> If an amendment is ordered and is of such nature that the record supplies all the data for the change, it may be considered as made, though no verbal corrections are made in the pleadings.

6. SALES—RESCISSION—RETURN—WARRANTY.

> Plaintiff, who claimed that he returned a defective motor car to defendant, from whom he bought it, and received defendant's promise to supply a new one, not performed (as alleged), was not entitled to a direction in his favor and against the contention of defendant, who denied the return of the car or promise to supply another, but he should have been allowed to go to the jury upon the issue of fact; and *held*, that there was a question of fact as to the agency of defendant's son to enter into the settlement agreement.[1]

Error to Saginaw; Kendrick, J. Submitted October 14, 1915. (Docket No. 92.) Decided March 30, 1916. Rehearing denied April 21, 1916.

Assumpsit by Leo J. Rimmele against John Huebner and another for the recovery of money paid for an automobile. Judgment for plaintiff against defendant Huebner, who brings error. Reversed.

*R. L. Crane,* for appellant.

*Snow & Snow,* for appellee.

PERSON, J. The defendant John Huebner resides in Saginaw, and is engaged, among other things, in the sale of automobiles. In the early part of the year 1913 he sold to plaintiff a car manufactured by the Thos. B. Jeffrey Company, a corporation of Kenosha, Wis. The price of the car was $1,900, which the plaintiff paid. After using the car for a time the plaintiff says that he found it was not in accordance with the warranty under which it was sold, and he claims that he thereupon

---

[1] As to right of purchaser to reject goods for breach of warranty, see note to 27 L. R. A. (N. S.) 914.

delivered it back to the defendant, who received and accepted it and promised to furnish him a new car. A new car not having been furnished, nor the purchase price of the first one returned, the plaintiff brings this action. The action was begun by summons, and was brought originally against both the defendant John Huebner and the Thos. B. Jeffrey Company; and the declaration was filed against both, charging a joint liability. The defendant John Huebner appeared generally to the action, and filed a plea with notice of his defense; but the Thos. B. Jeffrey Company appeared specially, and moved that the service upon it be quashed because made by a deputy sheriff when the plaintiff himself was sheriff of the county. No further proceedings were had upon this motion until the case came on for trial, when it was withdrawn by stipulation. The motion having been withdrawn, counsel for defendant Huebner requested that he be informed whether the plaintiff intended to proceed against both defendants jointly or against defendant Huebner alone. Plaintiff's counsel refused to furnish the information required, and the court declined to require him to do so. The refusal of the court to direct that the information be furnished is assigned by defendant Huebner as error. The trial proceeded, and at the close of plaintiff's proofs his counsel asked permission to discontinue as to the Thos. B. Jeffrey Company, and the discontinuance was permitted by the court, although objected to by counsel for defendant Huebner. The permission to discontinue is also assigned as error. After the discontinuance the testimony in behalf of defendant Huebner was heard, and upon the submission of the case to the jury a verdict was rendered in favor of the plaintiff for $1,900, and some interest. Defendant Huebner brings the case to this court by writ of error.

In considering these alleged errors it must be remarked that a very broad construction has been given,

and properly given, to Circuit Court Rule 27. By that rule a plaintiff may proceed against several defendants and obtain a joint judgment against all, or a judgment against one or more of them, in accordance with the facts as the jury may find them to be. *Root & McBride Co.* v. *Salt Ass'n,* 140 Mich. 441 (103 N. W. 844). And it would not be consistent with this right which the plaintiff has to secure such verdict as the facts may warrant that he should be required to elect, at the beginning of the trial, or during its progress, whether he will ask for a joint judgment or a several judgment. It therefore seems that the defendant was not entitled to demand the information he asked for, and the refusal on the part of the court was not error. But attention must be called to the fact that the situation was somewhat anomalous. The Thos. B. Jeffrey Company had withdrawn its motion to set aside the service of the summons, but had not pleaded to the action, nor had its default been entered. As to that company the case was not at issue. With matters in that situation the plaintiff could not have proceeded to a joint judgment. If under the proofs a judgment must be joint, and the case is not in a situation to go to judgment against one of the joint debtors, the court cannot properly render any judgment. *Penfold* v. *Slyfield,* 110 Mich. 343 (68 N. W. 226). Defendant Huebner did not object to proceeding with the case, but only sought to be informed whether the plaintiff would ask for a judgment against both defendants or only against himself. And under the circumstances of the case he must be held to have known that a several judgment against himself alone was the only one possible. Good practice would have required plaintiff to discontinue at that time against the Thos. B. Jeffrey Company. He did discontinue against that company at a later period; and, as the proofs tended to show a liability on the

part of defendant Huebner alone, it is not apparent that the latter was injured by the course adopted.

Upon the discontinuance as to the Thos. B. Jeffrey Company the case proceeded without any formal amendment to the declaration, and judgment was entered against defendant Huebner alone. His counsel claims that this was a fatal variance, and that the case could not have legally proceeded to such judgment without an actual amendment to the declaration charging a several liability in the place of the joint liability. Section (*b*) of Circuit Court Rule 27 seems to contemplate such amendment. But by paragraph (*c*) of the same rule the jury, where an action is brought against several defendants, may render a verdict against those liable without a discontinuance as to the other defendant or defendants, and in such case no actual amendment seems to be required. Either the variance is disregarded or the amendment is assumed to have been made. *Root & McBride Co.* v. *Salt. Ass'n,* 140 Mich. 441 (103 N. W. 844). In discontinuing against one defendant, in the course of the trial, and proceeding against the other, the plaintiff did no more, in effect, than the jury would have been authorized to do in rendering their verdict; and it would seem that the amendment might be assumed as well in the one case as in the other. While it is a general rule that an amendment to be effective should be actually made (*Ballou* v. *Hill,* 23 Mich. 60; *Harris* v. *Thomas,* 140 Mich. 462 [103 N. W. 863); *Carroll* v. *Manufacturing Co.,* 181 Mich. 280 [148 N. W. 390]), yet there are exceptions to this rule.

"We have no doubt that where an amendment is ordered or permitted, and is of such a nature that the record furnishes upon its face all the data for applying it, it may be considered as made, though no verbal changes are made in the pleadings, which are then to be read as if they had been actually amended." *Ballou* v. *Hill, supra.*

And where during the course of the trial a discontinuance is had against one or more of the defendants, and no change is required in the declaration further than to adjust it to such discontinuance, we think the exception applies, and that it should be read as if the amendment had actually been made.

But, in submitting the case to the jury, the court evidently did make a mistake in assuming certain facts to have been conclusively established, when, instead thereof, these facts were the subject of sharp dispute. After averring the purchase by the plaintiff of the automobile from the defendant, and that such automobile did not conform to the warranty under which it was sold, the declaration proceeds as follows:

"Whereupon then and there the said plaintiff delivered said car over to the said defendants and demanded the money he had paid them therefor as the purchase price agreed upon. That said defendants, their said agents and representatives, then and there accepted back said automobile, and there and then conceded to and agreed with the plaintiff that said automobile was not as they had represented it to be, but, on the contrary, was defective and improperly constructed, and they then and there agreed to receive back said defective automobile as aforesaid, and then and there took possession of the same as their property. That in consideration of the amount of money paid them by the plaintiff for said automobile as aforesaid the said defendants, their agents and representatives, then and there agreed and promised to deliver to plaintiff a new automobile of similar design and make."

It will be observed from the reading of the declaration that the action was brought upon the theory that the sale had been rescinded by mutual consent, and that the automobile had been returned to the defendant and accepted by him as his own property, thus leaving in his hands the purchase price which it was his duty to restore to the plaintiff, and that in consideration of such purchase price so in the defendant's

possession he had promised to furnish the plaintiff a new car. And to this special count in the declaration were attached the common counts in assumpsit.

The very consideration for defendant's promise, as thus alleged in the declaration, was dependent upon the mutual rescission, and the acceptance back of the car by the defendant. Plaintiff's testimony tended to prove such rescission and acceptance of the car. The mere breach of the warranty would not have authorized a rescission by the plaintiff alone. *Williams Transportation Line* v. *Transportation Co.*, 129 Mich. 209 (88 N. W. 473, 56 L. R. A. 939). But the rescission was stoutly denied by the defendant, who insisted throughout that the car had never been returned to him, and that he had never received or accepted it. It was his contention that the plaintiff had remained in possession and control of the car throughout; and he denied ever having agreed to receive the car back or to furnish a new one. Whether the car had been returned to the defendant and received and accepted by him as his own property became, therefore, a material and controverted issue which should have been left to the determination of the jury. But, instead of so leaving it to the jury, the court treated the return and acceptance of the car as an established fact, and in that behalf instructed the jury as follows:

"Therefore, gentlemen of the jury, I think the question for your decision is fully before you. You understand that the issue to be decided by you as a final issue is whether after Mr. Rimmele took this car to run it as he did he made complaints about its being out of order, and then had the contract or the discussion with the defendant, and the defendant agreed to furnish him a new car. That is the question—whether he did or not. If you find that he did, in manner and form as claimed by the plaintiff, then he is liable here for the amount of money that that car was worth.

"It clearly appears in this case that the car was returned before this suit was brought, and it was fully

turned over to the defendant. Defendant claims there was no intention of getting a new car, because the party who brought it back tendered it to Mr. Rimmele, and it had been refused by him; that the car returned was the same car that was taken away. Therefore, if you find that there has been an agreement made, as I have explained to you, and as has been claimed by the plaintiff, your verdict will be for the sum of $1,900, with interest since the commencement of this suit, or such sum, if you find from the evidence that any other car was mentioned than a 'Cross Country Rambler,' why, then it is for you to so find."

Some of the negotiations relied upon by plaintiff to establish his case were had with a son of the defendant, and it is insisted by the latter's counsel that there was no such proof of the son's agency as made his promises and actions, if established, binding upon defendant. We think, however, that there was testimony tending to establish the son's agency, and that this feature of the case was properly left to the jury.

It is also claimed by defendant that the court instructed the jury to so answer certain special questions submitted by him that the answers would agree with their general verdict. But we think the record is not clear as to the court's instructions in this respect, and the point will not be considered.

For the error pointed out, the judgment is reversed, and a new trial ordered.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.