ROSENFELD *v.* WAYNE CIRCUIT JUDGE.

JUDGMENT—DEFAULT—PARTIES—SETTING ASIDE DEFAULT.
Where plaintiffs took a default judgment against a copartnership without amending their pleadings pursuant to order of the trial court, the individual members of the copartnership having been wrongly named in the declaration, said default and subsequent proceedings were properly set aside.

Mandamus by Harry Rosenfeld and another to compel Harry J. Dingeman, circuit judge of Wayne county, to vacate an order setting aside a default and judgment. Submitted April 6, 1920. (Calendar No. 29,-101.) Writ denied June 7, 1920.

*Joseph B. Beckenstein,* for plaintiffs.

*Fixel & Fixel,* for defendant.

MOORE, C. J. This is an application for a writ of mandamus to compel the defendant to vacate an order setting aside a default and a judgment. The facts are not in dispute. They are substantially as follows:

"Harry Rosenfeld and Thomas Slatky filed a declaration against 'Thomas S. Lowenberg and Emil Lowenberg' upon a joint obligation of the firm of 'Lowenberg Brothers.' On March 22, 1917, the declaration was served, according to the return of the sheriff, 'on Jacob S. Lowenberg and Emil Lowenberg, copartners, doing business under the firm name of Lowenberg Brothers, and defendants named in said declaration, by delivering' a true copy thereof 'to Jacob S. Lowenberg and Emil Lowenberg, copartners, said defendants.'

"On March 27, 1917, Lowenberg Brothers appeared specially, moving to dismiss the cause, 'for the reason that said Lowenberg Brothers is a copartnership, composed of Jacob S. Lowenberg and Emil Lowenberg, and that defendants are not a firm composed of Thomas S. Lowenberg and Emil Lowenberg.'

"On March 31, 1917, upon the hearing of said motion the following order was entered by the court:

" 'A motion having been filed by the defendants in said cause, asking that said cause be dismissed on account of the misnomer of said defendant, and both parties being in court, and after hearing oral arguments on said motion by the attorney for the defendants and the attorney for the plaintiffs; it is ordered that said motion be, and the same is hereby denied.

" 'And it is further ordered, that on the payment of ten dollars costs,·to the said defendants, plaintiffs be allowed to amend the pleadings in said cause so that the defendants may be properly named therein.' "

Instead of amending the pleadings plaintiffs entered the default of defendants on February 1, 1918, and judgment was entered against them on October 10, 1918. Execution was issued and the sheriff attempted to make a levy upon the goods and chattels of the

firm of Lowenberg Brothers. Defendants again appeared specially and moved to set aside the default, judgment and execution. This motion was granted, the court stating:

"It is my opinion that the default was irregular. It is my view that under the order of Judge Law, before any further proceedings could be had in the cause, that plaintiff was required to amend the pleadings and process, and pay the costs provided for. Not having done so, any further proceedings in the cause were of no effect."

It is the contention of the plaintiffs that they had a right to proceed in the case without amending the pleadings, and that the judgment would be good as against the partner who was served with process and against the partnership property. The trouble with this contention is that they commenced a law suit against Thomas S. Lowenberg and Emil Lowenberg doing business under the firm name of Lowenberg Brothers, when there was no firm doing business under the firm name of Lowenberg Brothers, the individual members of which were Thomas S. Lowenberg and Emil Lowenberg. It is difficult to see how counsel after the facts were developed, could cause the affidavit of regularity to be filed which was the basis of the default order.

We think the circuit judge was right in setting aside the default and subsequent proceedings, under *Turner v. Ottawa Circuit Judge,* 123 Mich. 617, and *McCain v. Wayne Circuit Judge,* 187 Mich. 73; *Harris v. Thomas,* 140 Mich. 462; *Carroll v. Manufacturing Co.,* 181 Mich. 280.

The writ of mandamus is denied with costs.

Steere, Brooke, Fellows, Stone, Clark, Bird, and Sharpe, JJ., concurred.