YEAGER v. MELLUS.

1. PROCESS—DECLARATION WITH NOTICE TO PLEAD—FILING—SERVICE.
    An action at law may be commenced simply by the filing in court and service on defendant of the declaration indorsed with notice to plead as such action is in the nature of process to bring the defendant into court (CL 1948, § 613.4; Court Rule No 13 [1945]).

2. SAME—CONSTRUCTION OF COURT RULE—ORIGINAL WRIT.
    "Original writ," as term is used in court rule pertaining to commencement of actions, is construed as including a declaration with notice to plead attached or indorsed thereon when used to take the place of an original writ, where there is no other court rule prescribing the manner of service of a declaration with notice to plead nor limiting the time for service (Court Rule No 13 [1945]).

REFERENCES FOR POINTS IN HEADNOTES

[3, 4, 7] 42 Am Jur, Process, §§ 26, 27.
[5, 7] 33 Am Jur, Libel and Slander, § 225.
[6] 34 Am Jur, Limitations of Actions, § 423.
[7] Publication of libel for purposes of statute of limitations. 1 ALR2d 384.

3. ACTION—JURISDICTION—SERVICE OF PROCESS.

Jurisdiction of the subject matter of a suit conferred by a plaintiff is conditioned upon his proceeding with due diligence in the giving of notice thereof to the defendant (Court Rule No 13 [1945]).

4. PROCESS—FILING OF DECLARATION WITH NOTICE TO PLEAD—SERVICE.

Filing a declaration with notice to plead is no notice to the defendant and waiting more than 3 months with nothing of record to excuse the delay is not due diligence in the matter of service of process (CL 1948, § 613.4; Court Rule No 13 [1945]).

5. LIMITATION OF ACTIONS—LIBEL AND SLANDER.

An action for libel is barred after 1 year (CL 1948, § 609.13).

6. DISMISSAL AND NONSUIT—MOTION TO DISMISS—STATUTE OF LIMITATIONS.

The question as to the bar of the statute of limitations may be raised on a motion to dismiss.

7. LIBEL AND SLANDER—STATUTE OF LIMITATIONS—DISCONTINUANCE OF ACTION.

Action for libel commenced by the filing of a declaration with notice to plead but not served on defendant within 3 months of the filing of the declaration was discontinued and where service was made after expiration of a year from publication of the libel the action was barred by the statute of limitations (CL 1948, §§ 609.13, 613.4; Court Rule No 13 [1945]).

Appeal from Wayne; Culehan (Miles N.), J. Submitted June 13, 1950. (Docket No. 81, Calendar No. 44,744.) Decided September 11, 1950.

Action by Thomas Yeager against William S. Mellus, doing business as Mellus Newspapers, for damages resulting from publication of libelous article. Motion to dismiss denied. Defendant appeals. Reversed and remanded.

*Rothe, Marston, Edwards & Bohn,* for plaintiff.

*Chapman & Chapman,* for defendant.

REID, J. Plaintiff filed a declaration, with notice to plead indorsed thereon, to recover damages for libel, and 100 days later caused service of a copy of the declaration and notice to plead, to be made on defendant. Defendant made a motion to quash the service because of claimed discontinuity of the suit, and to dismiss the case as barred by the statute of limitations. From an order denying his motion, the defendant appeals.

Plaintiff claims that where a declaration with notice to plead is filed, there is no limitation established within which service must be made except the statute as to dismissal of suits for lack of progress.

PA 1905, No 76, provided:

"Actions brought for the recovery of any debt, or for damages only, may be commenced, either:

"1. By original writ; or,

"2. By filing in the office of one of the clerks of the court a declaration, to which is attached, or upon which is indorsed, a rule requiring the defendant to plead to such declaration within 15 days after the service of a copy thereof and notice of such rule, and serving a copy of such declaration, and notice of such rule personally on the defendant; which mode of commencing an action may be adopted against any person, whether privileged from arrest or not."

The above statute was repealed by the judicature act (No 314) of 1915 and the following substituted therefor:

"All actions at law in any court of record, except mandamus, quo warranto, and certiorari, may be commenced either,

"1. By original writ; or

"2. By filing in the office of one of the clerks of the court, a declaration upon which is indorsed a notice in substantially the following form:

"To ...................... ..... defendant:

"You are hereby notified that a suit has been com-

menced against you as defendant by ............,
as plaintiff, and that the within is a true copy of
plaintiff's declaration in said cause, and that if you
desire to defend the same, you are required to plead
thereto within 15 days after service upon you of a
copy of said declaration.

"Dated .......................
          " ........................
                    "Attorney for plaintiff.

"And either of said methods may be used in any
case, notwithstanding the provisions of any general,
local or special act, or city or village charter to the
contrary. If such action shall be commenced by
original writ, plaintiff shall file his declaration in
the office of the clerk within 15 days after issuance
of such writ." CL 1948, § 613.4 (Stat Ann § 27.734).

In 1919, this Court in *Christe* v. *Springfield Fire
& Marine Insurance Co.,* 207 Mich 12, said at pages
14, 15, after quoting from both of the above acts,

"It will be noted that in this statute [the judicature
act of 1915] there is no reference whatever to serv-
ice. The framers of the new act undoubtedly had
the old one before them and the omission of the pro-
vision for service of the declaration as a part of the
necessary procedure in commencement of actions,
it appears to us is significant. We are of opinion
that it was the legislative intention to change the
rule as to the commencement of suits by declaration
and by the enactment of the above quoted section
provide that said suits might be *commenced* simply
by filing the declaration with the indorsed notice
thereon."

While a statute preceding the statute of 1905 but
in form the same or similar thereto, in the respects
important for our present consideration, was in
effect, this Court said in the case of *City of Menomi-
nee* v. *Circuit Judge of Menominee County,* 81 Mich
577, at page 579:

"A declaration is a process. And it has been said by this Court that the filing and serving of the declaration is in the nature of process to bring the defendant into court."

The same may be said under the present statute as to declaration filed with notice to plead.

Court Rule No 13 (1945) provides in part:

"Original writs may be issued in vacation or in term time, and, except as otherwise provided by statute, may command service at any time, except Sunday, within 3 months from the date when issued; and original writs for the commencement of suit shall notify the defendant to appear in person or by attorney within 15 days after service of the writ upon him, except as provided in rule 27, to answer to the suit of the plaintiff according to the rules and practice of the court, with such additional command as shall be appropriate to the action of replevin and to actions commenced by attachment or capias ad respondendum, and the officer or person making such service shall file proof thereof immediately after service on all defendants has been obtained, or in case of no service then immediately after the last day fixed for service."

Plaintiff claims in effect that he may serve a copy of the declaration and notice to plead at any time, without there being any provision of either statute or court rule prescribing in what time service may be made. There is nothing in the statute or court rules expressly giving the plaintiff such latitude of conduct.

The words, original writ, as used in Court Rule No 13, can be considered as having a different meaning than the same words in the cited and quoted statutes. The words, original writ, as used in Court Rule No 13 must be construed to include a declaration with notice to plead attached or indorsed when used to take the place of an original writ. There is

no other court rule prescribing the manner of service of a declaration with notice to plead, nor limiting the time for service.

When the plaintiff confers on the court jurisdiction of the subject matter of a suit, it can only be on condition that he proceed with due diligence to give notice to the defendant. This Court has heretofore required reasonable promptitude in serving original summons and alias summonses, for which proposition see *Colling* v. *McGregor,* 144 Mich 651; *Danaher* v. *Ross,* 278 Mich 485; *Home Savings Bank* v. *Fuller,* 299 Mich 9.

It is not to be inferred that this Court in making the court rules either intentionally or inadvertently omitted all requirements of promptitude as to the plaintiff who files his declaration with notice to plead and of compliance with the time limit of 3 months, in Court Rule No 13.

Merely filing a declaration with notice to plead, is of course no notice at all. Waiting more than 3 months with nothing of record to excuse the delay is not due diligence.

The suit is for libel and barred after 1 year. CL 1948, § 609.13 (5) (Stat Ann 1949 Cum Supp § 27.605 [5]). The declaration sets forth October 21, 1948 and October 28, 1948, as the 2 dates of the publication of the alleged libel. Service of a copy of the declaration and rule to plead was not made until November 5, 1949.

The question as to the bar of the statute of limitations may be raised on a motion to dismiss. *Danaher* v. *Ross, supra.*

The service of a copy of the declaration and notice to plead was not made within 3 months of the filing of the declaration. The suit had been begun but there was a discontinuity of the suit at the end of 3 months without service. The motion to quash the service and dismiss the case with prejudice should

have been granted. The suit is remanded to the trial court to make its order in compliance with this opinion. Costs to defendant.

BOYLES, C. J., and NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.