**Jack A. SMITH, Plaintiff-Appellant,**

v.

**James C. SKAKEL, Defendant-Appellee.**

**No. 21038.**

United States Court of Appeals, Sixth Circuit.

June 28, 1971.

Eugene J. Fisher, Detroit, Mich., on brief for plaintiff-appellant.

James K. Robinson, Detroit, Mich., for defendant-appellee; Miller, Canfield, Paddock & Stone, Detroit, Mich., on brief.

Before PHILLIPS, Chief Judge, and EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

Appellant Smith appeals from dismissal of his suit for violation of con-

---

tract after service was finally made upon the defendant some nine and one-half years after the cause of action accrued.

Federal jurisdiction in this case is based upon diversity of citizenship and, hence, the Michigan Statute of Limitations of six years is concededly applicable. Mich.Comp.Laws § 600.5807(8) (1963). Appellant, however, contends that since the suit was filed one day prior to the running of the six years, service of process (even three and one-half years later) serves to toll the statute of limitations if diligent efforts to accomplish service of process have been made.

■ The United States Supreme Court has decided that state limitations laws must be applied by federal courts in diversity cases. Ragan v. Merchants Transfer and Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949); Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

The sole question on this appeal is whether or not under applicable Michigan law and all of the facts and circumstances of this case the Michigan Statute of Limitations should be held to have been tolled for three and one-half years. Applying Michigan law, the District Judge held "that the Statute of Limitations has run and that the case should be dismissed," saying that, "I can't hold three years, and a half as reasonable time."

The legal issues involved herein have been considered recently by the Michigan Court of Appeals in Guastello v. Citizens Mutual Insurance Co., 11 Mich.App. 120, 160 N.W.2d 725 (1968), and decided adversely to appellant's position.

■ Michigan case law appears to have required "due diligence to give notice to the defendant" and "reasonable promptitude in serving the original summons and alias summonses." Yeager v. Mellus, 328 Mich. 243, 248, 43 N.W.2d 836, 838 (1950). These two standards were in force by case law at the times applicable to the instant litigation.

Since then a Michigan statute has specifically defined the time for service under the circumstances of this case as a maximum of 90 days. The applicable section of the Michigan Compiled Laws states:

"Sec. 5856. The statutes of limitations are tolled when

(1) the complaint is filed and a copy of the summons and complaint are served on the defendant, or when

(2) jurisdiction over the defendant is otherwise acquired, or when,

(3) *the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter."* Mich. Comp.Laws § 600.5856 (1963). (Emphasis added.)

While this specific language is clearly not applicable to this case, the Committee Comment following the section serves effectively to define the existing law, prior thereto:

"The section does not constitute any radical departure from presently accepted principles, but it prescribes a definite procedure to be utilized wherein counsel are informed of the necessary steps which will guarantee the tolling of the statute of limitation. The adoption of this section will greatly increase predictability." Mich. Comp.Laws Ann. § 600.5856 (Author's Comment).

■ We believe the District Judge was correct in holding that failure of service for three and one-half years after expiration of the six-year limitation period under the facts of this case could not be held to be "reasonable time" under Michigan law.

The judgment of the District Court is affirmed.