ROSS v HONIGMAN, MILLER, SCHWARTZ & COHN

1. PLEADING—MISUSE OF PROCESS—FAILURE TO STATE CLAIM—COURT RULES.

The failure of a plaintiff to allege, in his complaint for misuse of judicial process, that the garnishment proceedings which plaintiff had been required to defend terminated in the plaintiff's favor does not constitute a failure to state a claim upon which relief could be granted (GCR 1963, 117.2[1]).

2. ACTION—MISUSE OF PROCESS—SETTLEMENT—BAR TO ACTION.

A settlement agreement between the parties to an action does not bar a subsequent action for misuse of judicial process.

3. DAMAGES—MISUSE OF PROCESS—FEAR—MENTAL DISTRESS.

Fear or mental distress is an appropriate element of damages in an action for misuse of judicial process.

Appeal from Oakland, Arthur E. Moore, J. Submitted June 2, 1976, at Detroit. (Docket No. 23434.) Decided August 23, 1976. Leave to appeal applied for.

Complaint by Herman Ross against the law firm of Honigman, Miller, Schwartz & Cohn for misuse of judicial process. Summary judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Stephen M. Losh, P. C.,* for plaintiff.

*Honigman, Miller, Schwartz & Cohn* (by *Norman Hyman),* defendant.

REFERENCES FOR POINTS IN HEADNOTES

[1] 1 Am Jur 2d, Abuse of Process §§ 20, 21, 25.
[2] 1 Am Jur 2d, Abuse of Process §§ 4–7, 20–26.
[3] 1 Am Jur 2d, Abuse of Process §§ 4–7, 25.

Before: Quinn, P. J., and D. F. Walsh and A. M. Bach,* JJ.

Quinn, P. J. Plaintiff's action was for misuse of judicial process. Defendant moved for accelerated judgment, GCR 1963, 116.1(5), and for summary judgment, GCR 1963, 117.2(1). From the grant of this motion and entry of judgment in favor of defendant, plaintiff appeals. We reverse.

The judgment below held that plaintiff had failed to state a claim upon which relief could be granted because the complaint failed to allege that the garnishment proceedings terminated in plaintiff's favor. This was error, *Brand v Hinchman,* 68 Mich 590; 36 NW 664 (1888).

That judgment held that the settlement agreement constituted an accord and satisfaction and barred this action. That also was error, *Brand, supra.*

The judgment of the trial court also held:

"As a matter of law, plaintiff has failed to state a claim upon which relief may be granted, in that there was no reasonable basis for any fear that plaintiff's checks might be dishonored as a result of the writs of garnishment or for any resultant mental distress, and any such alleged fear or mental distress was not the proximate and reasonable consequence of the garnishment processes."

This also was error. We have held that the plaintiff's complaint stated a cause of action and alleged fear or mental distress is an appropriate element of damages, *Harris v Thomas,* 140 Mich 462, 467; 103 NW 863 (1905). Plaintiff filed a timely demand for jury whose function it is to determine the issue of damages.

Reversed and remanded with costs to plaintiff.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.